KATE STEWART v. THE CITY OF NEODESHA.

No. 57.

1. INJUNCTION —*Power of City of Third Class —Sidewalks.* Cities of the third class have power to open and improve streets, avenues, and alleys, and make sidewalks, build bridges, culverts and sewers within the city; and where the mayor and council have determined by ordinance that a new sidewalk is necessary, and by ordinance have provided for the removal of the old walk and the building of a new one, designating the material, and providing the dimensions of the walk, their determination is final, and no action will lie by an abutting property owner to enjoin the construction of such walks, when the ordinance is not unreasonable or unjust in its provisions.

2. CITIES OF THIRD CLASS — *Duties of Mayor and Council.* The mayor and council of a city of the third class are given full discretion to determine when and where, and of what material, the sidewalks in the city shall be built, and when walks are necessary for the safety and convenience of the city. They are the only authority provided for to determine when and what improvements are necessary for the convenience of the people, and when the city advances in population, wealth and commercial importance, and its necessities require new or different sidewalks, street crossings, or additional streets open, or other improvements for the convenience of the people of the city, they are clothed with sufficient power to modify, alter or repeal ordinances theretofore passed for the building of sidewalks and street crossings, and may alter or repeal ordinances so as to meet the new and additional requirements of the city.

MEMORANDUM.— Error from Wilson district court; L. STILLWELL, judge. Action by Kate Stewart against the City of Neodesha to restrain it from tearing out

a sidewalk and constructing a new one in its stead. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed June 2, 1896, states the material facts.

*J. W. Sutherland,* and *J. K. Demoss,* for plaintiff in error.

*C. S. Reed,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This suit was brought to enjoin the mayor and council of the city of Neodesha from tearing out an old sidewalk and constructing a new one in its stead, and charging the cost thereof to the owner of the abutting lot. A demurrer was filed to the petition in the district court, and sustained, and the case comes to this court upon the ruling of the lower court in sustaining the demurrer. The question raised by the demurrer is, whether the city council of a city of the third class has power by ordinance to provide for the removal of an old sidewalk built under former ordinances, and require the building of a new walk of different dimensions and of different material and of greater cost than the former ordinances provided.

Paragraph 958, General Statutes of 1889, confers on the mayor and council the care, management and control of the city and its finances, and gives them power to enact ordinances, alter, modify or repeal any and all ordinances not repugnant to the constitution and laws of the state, and such as it shall deem expedient for the good government of the city, the preservation of peace and good order, the suppression of vice and immorality, and make such rules and regulations as may be necessary to carry such power into

effect. Paragraph 959 gives the mayor and council power to open and improve streets, avenues and alleys, make sidewalks, build bridges, culverts and sewers within the city, and, for the purpose of paying for the same, the power to make assessments on all lots or pieces of ground abutting on the improvement, according to the front foot thereof. Cities of the third class are vested with absolute power to make sidewalks along the streets within the city, and are given full discretion to determine when and where they shall be built, and the kind of walks that are necessary for the safety and convenience of the city, and when the mayor and council have determined upon what street or streets sidewalks shall be constructed, and the kind of walks necessary, such determination is final. The mayor and city council are the only authority provided for to determine when and what improvements are necessary for the convenience of the people, and, having the care and management of the city and its finances, they have the power to determine when and where, and the kind of sidewalks that are necessary to be built, and, as the city advances in population, wealth, and commercial importance, and its necessities require new or different sidewalks, street crossings, additional streets open, or other improvements for the convenience and safety of the people of the city, they are clothed with sufficient power to manage and conduct the business of the city as its growth and necessities require, and for this purpose they may modify, alter or repeal ordinances so as to meet the new or additional requirements of the city.

The mayor and council of the city of Neodesha having determined that it was necessary for the safety and convenience of the people, and for the benefit of

Water Co. v. Hill.

trade and commerce, that certain new sidewalks should be built on the street along, and passing in front of, the plaintiff's property, and, for the purpose of making the improvements necessary, having passed and published an ordinance providing for the building of the sidewalk complained of, and nothing appearing in the petition which shows that such an ordinance was unreasonable or an unjust exercise of the authority conferred upon the mayor and council of the city, the plaintiff cannot therefore maintain her action to enjoin the improvement along the side of the street as provided for in said ordinance.

The judgment of the district court is affirmed.

All the Judges concurring.