## MYERS vs MATHIS.

### Opinion delivered June 13, 1898.

*1.  Statute of Frauds—When Applicable to Contract Between Indians.*

Under the act of July 7, 1897, making the laws of Arkansas extended over the Indian Territory applicable to all persons after January 1, 1898, without regard to race, the statute of frauds will apply to contracts made between Indians since January 1, 1898, but not to contracts made prior to that time.

*2.  Title to Lands in the Indian Territory—Judicial Notice.*

The United States Court in the Indian Territory will take judicial notice that the title to the lands is in the Indian Nation, and not in individual citizens thereof.

*3.  Real Property—Suit for Possession—When Title Must be Shown.*

One who has been out of possession of lands for more than five years next preceding the filing of a suit for possession, cannot maintain such suit by showing a right of possession but must show title in the lands claimed.

*4.  Ejectment—Strength of Title.*

In an action of ejectment plaintiff must recover upon the strength of his own title and not upon the weakness of that of the defendant.

Appeal from the United States Court for the Southern District.

. C. B. KILGORE, Judge.

Action in ejectment. Judgment for defendant. Plaintiff appeals. Affirmed.

This action was begun on the 15th day of April, 1896, in the United States court for the Southern district of the Indian Territory, at Purcell, for the recovery of a certain parcel or lot of land situated in the town of Purcell, Ind. T., alleging, in substance, that the appellants, who were citizens of the Chickasaw Nation, were in 1897, seised of, and in the actual undisturbed possession and quiet occupancy of, the premises, claiming the title by and through verbal purchase from R. J. Love, who was also a citizen of the said nation ; that they were afterwards ousted by appellees ; and asking judgment for damages, alleging rents worth $25 per annum, with proper prayer for restitution of the premises, and for damages and costs. Appellees, for answer, set up consecutive leases or rental contracts for one year each from R. J. Love to E. Dorrance, S. S. Saunders, and South Texas Lumber Company, respectively, alleging that the South Texas Lumber Company went into possession in 1890, and that M. T. Mathis, one of the appellees, afterwards purchased the South Texas Lumber Company's interest in said improvements, and succeeded to its rights under said rental contract with said Love; that Love, by the terms of his contract with each of said parties, agreed to pay them for their improvements at the expiration of their lease with him, and to pay or satisfy occupants of said premises for all improvements situated thereon, before he should be entitled to demand possession of same ; that defendant M. T. Mathis, one of the appellees herein, had $1,500 in improvements on said premises, and that she had not been paid for same.

They allege that the verbal sale by R. J. Love to appellants in 1887, as set forth in their complaint, not being in writing, was within the statute of frauds ; that said transfer from said Love to appellants was of no force and effect, because the Chickasaw laws require such transfers to be in writing, and witnessed by two witnesses ; that they and their immediate grantors had been in the sole and exclusive possession of said premises for more than seven years prior to the institution of this action, and they set up the five years statute of limitation under the Arkansas statute. To this answer, appellants, on the 23d day of November, 1896, filed a replication traversing the matters and things therein set forth. On these issues, the cause, on the 24th day of November, 1896, went to trial, and a jury was duly impaneled and sworn to try the issues joined. After all the testimony of appellants and appellees had been adduced, and the case on both sides closed, the court, of its own motion, and over the objection of appellants, instructed the jury to return a verdict for the defendants, which was accordingly done. Upon this verdict judgment was rendered, after which appellants filed a motion for a new trial, which being overruled, they were granted an appeal to this court.

The errors complained of by appellants which are found in the record are as follows: First, the court erred in directing the jury, over the objection of appellants, to return a verdict for the defendants ; second, the court erred in overruling plaintiff's motion for new trial.

*B. D. Davidson* and *Dorsett Carter*, for appellants.

*J. W. Hocker* and *Zol. J. Woods*, for appellees.

SPRINGER, C. J. The direction of the trial judge to the jury to return a verdict for the defendants in this case was made, not on account of the evidence or want of evi-

dence submitted on the trial, but solely on account of the legal questions involved. Hence it will not be necessary for the court to consider the testimony set forth in the record to determine whether the case should have been submitted to the jury. The legal questions of counsel in the case are as follows: First, that the alleged sale of the improvements in question by one R. J. Love to appellants, not having been in writing, was void under the statute of frauds; second, that under section 4476 of Mansfield's Digest, the appellants, under the conceded facts in the case, were not entitled to prosecute a suit for the premises in question.

The alleged sale of the improvements in question took place in 1887, and was a sale of improvements in the Chickasaw Nation by one citizen of the nation to another citizen of the nation. That sale was not in writing, but this court is of the opinion that the statute of frauds did not, at that time, apply to transfers of the kind in question ; that improvements or the right of possession to real estate in the Chickasaw Nation could be transferred by one citizen to another without the necessity of reducing the contract to writing. Since January 1, 1898, the laws enacted by congress in reference to the Indian Territory and the laws of Arkansas put in force by congress apply to all persons therein, without regard to race. Since that time the statute of frauds, which has been put in force, will apply to all contracts made in the Indian Territory by and between Indians of the same tribe as between other persons.

Statute of frauds. Contract between Indians.

The second contention presents a proposition of very grave importance, and deserves careful consideration. Section 4476 of Mansfield's Digest is as follows: "No action for the recovery of real property, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff or his testator or intestate has been five years out of possession." This provision was put in force in the

Indian Territory by the act of congress approved May 2, 1890, and the statute of limitations began to run at that time, and was in force in the Indian Territory more than five years previous to the institution of this suit. It is conceded in the case at bar that the plaintiffs (appellants in this court) were out of possession of the improvents in question for more than five years prior to the institution of this suit. They allege in their complaint that they were on or about the first day of January, 1887, "seised of, and were in the actual, peaceable, and undisturbed possession and quiet occupancy" of, the premises in question. This court will take judicial cognizance of the fact that the title to the lands in the Chickasaw Nation is in the nation and not in the individual citizens thereof ; and, although the plaintiffs in this case assert in their petition that they were seised of the premises, yet this court must construe the language as applicable to the conditions which exist in that nation. The court below could not have adjudged the title to the premises to be in the appellants. It could only have adjudged the right of occupancy to be in them. Hence the appellants were not claiming the title to the lands in question, but were only claiming the right of occupancy to them, which one Indian may have of a part of the public domain of the nation. Having been out of possession for more than five years next preceding the institution of the suit, they could not maintain an action for the possession of the right of occupancy of the premises in question. In actions of ejectment the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary. In the case at bar the defendant states in her testimony that she purchased the premises of a person who was then in possession. She is a citizen of the United States, and while she cannot own real estate, or even have the legal right of occupancy of real estate or improvements, in the Chickasaw Nation, except under and by consent of a citizen of the na-

*[margin:]* Title to Indian Lands. Judicial Notice.

*[margin:]* Plaintiff out of possession not entitled to recover.

*[margin:]* Plaintiff must recover on strength of his own title.

tion, yet, being in peaceable possession, she could only be ousted of that possession by a person who is entitled to maintain a suit for it. The title to the property in question being in the Chickasaw Nation, that nation could alone maintain a suit for its possession. The judgment of the court below directing the jury to return a verdict for the defendants in this case is affirmed.

CLAYTON and THOMAS, JJ., concur. TOWNSEND, J., did not participate in this case.