## THE CITY OF BELLEVILLE

*v.*

## AMELIA HERZLER *et al.*

*Opinion filed February 21, 1907.*

1. SPECIAL ASSESSMENTS—*presumption is in favor of validity of improvement ordinance properly adopted.* An ordinance properly adopted by a city for the making of a local improvement will not be held void by the courts for unreasonableness unless the evidence clearly shows that the ordinance is arbitrary, unjust and oppressive.

2. SAME—*change in grade of a street is a question for the city council.* An ordinance changing the existing grade of a street to be paved will not be held to be void for unreasonableness unless it is shown the city council has acted in bad faith and not in the best interests of the public, even though in the opinion of certain witnesses a better grade mght have been adopted than the one provided for in the ordinance.

APPEAL from the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding.

H. R. HEIMBERGER, City Attorney, and A. H. BAER, Corporation Counsel, for appellant.

DILL & PFINGSTEN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decision of the county court of St. Clair county declaring void an ordinance of the city of Belleville for paving with brick, on a concrete foundation, Centerville avenue, in that city, from the west line of Race street to the city limits, at an estimated cost of $41,218, of which the city is charged with $4919.69 as public benefits.

The grade of the roadway and curb in the proposed improvement, when completed, is shown in the ordinance with reference to the datum plane of the city, and varies materially from one end of the improvement to the other, the greatest variation being about forty-nine feet.

Objections were filed by certain property owners to the effect that the estimate was inequitable and unjust, in that it proposed to make an unnecessary cut of three to four feet in that portion of Centerville avenue which lies between Sixth and State streets, thus increasing the cost more than $3000; that the proposed changing of the street grade would cost the owners of property abutting thereon large sums of money to grade the sidewalks in conformity and to protect their lots by retaining walls and other means; that access to said street would become much more difficult; that a portion of said street should be paved forty feet in width, instead of thirty feet, as the ordinance requires; that the estimated cost per foot is in excess of the cost for other streets recently paved, and that there are no separate estimates of cost of sewers and paving, and no attempt made to levy sewer tax in accordance with the benefits.

It is insisted by appellant that there was no objection filed that justified the trial court in declaring the ordinance unreasonable, unjust and oppressive, and therefore void. We think that this point is not well taken. It is true that the wording of the first objection might have been more clear for that purpose, but we think it can fairly be said to raise the question of the unreasonableness of the ordinance.

It is also insisted that the evidence did not justify the court in holding the ordinance void. Testimony was offered by the objectors that the grade of the proposed improvement of Centerville avenue would necessitate a change of grade in the sidewalk; that some of the residences were already considerably higher than the street and that this grade would leave them still higher; that the proposed improvement would require a four-foot cut, extending about one hundred feet, and that at a point near Affleck street retaining walls would be necessary in front of the lots; that in grading the sidewalk a large amount of excavating would be made necessary by reason of the proposed width paved, the roadway being paved only thirty feet, and that it would be a great

advantage for a portion of the proposed improvement to have the pavement forty feet in width. Some of the witnesses for the objectors testified that there was no necessity of changing the grade of the road, and others that some filling at the foot of the hill would be sufficient. The testimony of certain of the objectors also tended to show that the proposed improvement would require additional cost for terracing and building retaining walls that would not be required if the grade of the street were not changed. The surface of the road along the line of the proposed improvement is quite hilly and uneven, and it is evident that there would be sharp grades if the pavement were laid as proposed under the ordinance. The city engineer testified, for appellant, that the four-foot cut was only for a short distance, and that it tapered down to eighteen inches; that the grade of some portions of the present roadway is very steep and irregular and would not be regarded as a proper grade by any municipal engineer; that the proposed improvement would make it much more gradual; that the cut would make a difference in the grade of some two feet in the hundred; that there would be no necessity for retaining walls on account of the change of grade, because the improvement would not disturb any portion of the sidewalk; that in his best judgment no property would be jeopardized by the improvement in question or the sloping off of the ground because of the improvement; that in order to make a safe and practical grade of the improvement the steepness of the surface at certain points (about seven per cent) must be reduced to about five per cent; that seven per cent is an unusual grade; that the narrowing of the roadway to thirty feet makes it cheaper for the property owners in the way of maintenance, sprinkling and sweeping, and also better from the standpoint of dust and dirt; that the proposed improvement would take the "humps" out of the street. This witness, only, had made any accurate measurements on the line of the proposed improvement. None of the witnesses for the objectors were

engineers by profession or had any special experience in this class of work. They did not claim to have made any accurate measurements, and it is evident that they only knew in a very general and indefinite way, largely from rumor or from hearsay statements, what the condition of the street would be as to grade, necessity for terraces and for retaining walls if the proposed improvement were put in.

The courts cannot interfere with the action of the city council and declare an ordinance for a local improvement void unless the evidence clearly shows that the ordinance is so arbitrary, unjust and oppressive as to make it unreasonable and void. The presumption always exists in favor of the validity of such an ordinance if properly adopted by municipal authority. We have had occasion in the case of *City of Belleville* v. *Pfingsten,* (*ante,* p. 293,) to discuss at some length the rules of law governing this question and will not repeat that reasoning here.

The question whether the grade of the street should be changed in a locality such as the one here in question is peculiarly one for the city council. Notwithstanding that another grade for the street might be better, unless the city council has been shown to have acted in bad faith and not for the best interests of the public, the courts will not declare such action unauthorized merely because a different grade, in the judgment of certain witnesses,—even though they were civil engineers of experience and had made accurate measurements,—would be a better grade than that proposed by the ordinance. (*Summerfield* v. *City of Chicago,* 197 Ill. 270.) There is nothing in this record to justify the contention of the objectors that the proposed change of grade was based on the mere whim of the city engineer. If it were admitted or the evidence showed, without contradiction, that the present surface of the street would make as good a grade for paving the street as would that proposed, and that the proposed improvement, on account of the change of grade, would cost a substantial amount more than if the street were

paved at its present grade, then such a change of grade might be considered arbitrary, unjust and oppressive, and the courts might be justified in holding an ordinance making such, a change of grade unreasonable and void.

An objection was filed as to the sufficiency of the itemizing of the estimate as to certain sewers to be laid in connection with the proposed improvement, but that objection does not seem to be urged in this court, hence we do not pass upon it. Neither do we pass upon or decide as to the sufficiency of the itemizing of the other parts of the estimate, as that question was not raised below.

We think the court erred in holding this ordinance void for unreasonableness. That is the only question passed on in this opinion.

The judgment of the county court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.                         *Reversed and remanded.*