## McKEMIE v. ALBRIGHT,

No. 3517. Opinion Filed December 8, 1914.

(144 Pac. 1027.)

1. **APPEAL AND ERROR—Verdict—Evidence.** Where there is competent evidence reasonably tending to support the verdict of the jury under proper instructions from the court, this court will not disturb the verdict.

2. **SAME—Harmless Error—Alienation of Lands—Removal of Restrictions—Best and Secondary Evidence.** Where restrictions are removed by order of the Department of the Interior and a sale made under the rules and regulations of such department, it is incompetent to prove by oral testimony the removal of the restrictions and sale of such land, as the records kept by the department are the best evidence. But under the facts in this case, the admission of such oral testimony was not prejudicial to the plaintiff, as the court instructed the jury that plaintiff's title was paramount to that· of the defendant, unless the jury found that the lease in question was reassigned to Albright to the· knowledge of the plaintiff prior to the time that the plaintiff purchased the lease from Bray. It therefore is immaterial as to the strength or weakness of the defendant's title, as plaintiff, in order to recover, must do so upon the strength of his own title.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Bryan County;*

*A. H. Ferguson, Judge.*

Action by Will McKemie against Frank Albright. Judgment for defendant, and plaintiff brings error. Affirmed.

*H. A. Ledbetter,* for plaintiff in error.

*McPherren & Cochran* and *Chas. P. Abbott,* for defendant in error.

Opinion by RITTENHOUSE, C.   This is an action brought by Will McKemie, plaintiff in error, and also plaintiff below, against Frank Albright for the possession of the north half of the northeast quarter and the northeast quarter of the southeast quarter of the northeast quarter, all in section 28, township 7 south, range 11 east of the Indian Meridian, and asking for damages for the detention of said land for the time plaintiff has been kept out of possession.   The plaintiff contends that he is entitled to possession of said lands by virtue of a certain lease contract, executed October 23, 1908, for a term of five years, by Columbus Dixon, the allottee, to W. T. Pemberton, and by him assigned in writing to B. W. Bray, which assignment was never recorded, and on January 15, 1910, assigned in writing by Bray to Will McKemie.   It is contended by the defendant, Frank Albright, that he purchased said land from the allottee after restrictions were removed, and received a warranty deed, which was executed subsequent to the lease.

Albright introduced in evidence in support of his contention the deed to the allotment and oral testimony of the removal of the restrictions of Columbus Dixon.   He contends that, although the plaintiff did secure an assignment of the lease from Bray, to whom said lease was first assigned, Bray agreed with the said Pemberton to reassign said lease to Pemberton, and that the same was by Pemberton re-leased to him, and Albright went into possession, and further claims that this fact was known to McKemie at the time he purchased the lease from Bray.   The court instructed the jury that the lease executed by Columbus Dixon, which was assigned to Bray in writing and by Bray assigned in writing to McKemie, conveyed the right to the use of the land during the term of the lease, regardless of the fact that the defendant had purchased the land, unless the jury should find that Bray had reassigned the lease to Pemberton and the same was by Pemberton re-leased to Albright, and that this fact was known to McKemie on the date that he purchased the lease from Bray.   The court further instructed the jury that, when the land had been conveyed either

by lease or otherwise by written instrument, the same could not be recovered by an oral agreement, unless the oral agreement was completely executed and carried out. This left to the jury the question as to whether or not the lease was reassigned to Albright after he had purchased the land from the allottee, and also the further question as to whether McKemie had knowledge that the lease had been reassigned to Albright before Bray had assigned it to him. There was sufficient evidence to sustain the verdict of the jury, on the question, and it is a familiar rule of this court that, although there may be a doubt as to the correctness of the verdict reached by the jury, yet we will not, when the evidence is conflicting, examine and weigh the same to determine where the preponderance of the evidence lies, but will sustain such verdict whenever there is any competent evidence reasonably tending to support the same. *Lynch v. Halsell*, 34 Okla. 307, 125 Pac. 725; *McConnell v. Watkins*, 42 Okla. 214, 140 Pac. 1167, and cases cited.

It is next contended by the plaintiff that the admission of oral testimony as to the removal of the restrictions of Columbus Dixon was prejudicial, and he calls attention to section 8 of the act of Congress of April 26, 1906 (34 St. at L. 139, c. 1876), which provides that certified copies of any record pertaining to the enrollment of any Choctaw Indian or the disposition of the land and other property of said tribe, when made by the officer having custody thereof, shall be evidence equal with the originals thereof, and calling attention to section 5892, Comp. Laws 1909 (Rev. Laws 1910, sec. 5099), which makes similar provision for the use of a certified copy as evidence.

It is undoubtedly true that the best evidence of the removal of restrictions and the sale of an allotment made through the Interior Department is the records of that department; but admission of oral testimony relative to the removal of restrictions and the sale of the allotment, under the facts in this case, could not be prejudicial error. The lease made to Pemberton, which was afterwards assigned, was executed prior to the deed,

408        SUPREME COURT OF OKLAHOMA. ·

School Dist. No. 38 v. Mackey, County Treas.

and under· the instructions of the court the lessee would be entitled to the possession of the premises regardless of the deed held by the defendant, unless that lease had been reassigned to the purchaser as was contended in this case. The question here is not which of the two interests are paramount, but the only question is whether· or not the lease was reassigned to the purchaser; it being apparently conceded that, if the lease was still a valid outstanding lease in the hand of the plaintiff, it would be paramount to the defendant's title. Under these facts, oral evidence of the removal of restrictions and the sale of the allotment could in no wise be prejudicial. This action is one of ejectment, and plaintiff cannot ·recover upon the weakness of the defendant's title, but upon the strength of his own. *Myers v. Mathis,* 2 Ind. T. 3, 46 S. W. 178; *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817; *Jennings v. Brown,* 20 Okla. 294, 94 Pac. 557; *Mitchell v. Humphrey,* 36 Okla. 711, 129 Pac. 744; *Young v. Chapman,* 37· Okla. 19, 130 Pac. 289.

The case should, therefore, be affirmed.

By the Court: It is so ordered.