## NELSON et al. v. DAVIDSON.

No. 3813.   Opinion Filed January 9, 1915.

(145 Pac. 772.)

1.   JUSTICES OF THE PEACE—Action—Pleadings—Judgment—Appeal.   Where plaintiff institutes suit in a justice court on a bill of particulars which is sufficient to support a cause of action either upon an express or an implied contract, and the testimony of plaintiff shows that defendants were indebted to him upon an express contract, and where defendants deny that any express contract was made, and deny they were indebted to plaintiff, there is no inconsistency between the pleadings, testimony, or judgment prejudicial to the rights of defendants.

2.   APPEAL AND ERROR—Review—Harmless Error.   After an examination of the entire record, it does not appear that the errors complained of have resulted in a miscarriage of justice, or that any substantial statutory or constitutional right has been violated.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge.*

Action by W. H. Davidson against Pete and C. C. Nelson. Judgment for plaintiff before a justice was affirmed in the superior court, and defendants bring error.   Affirmed.

*Brook & Brook,* for plaintiffs in error.

RIDDLE, J.   The parties will be designated as they were in the trial court.   This action was instituted by filing a bill of particulars in a justice of the peace court of Muskogee county by plaintiff against defendants for recovery of $165, alleged to be due, after allowing all just credits, etc.   Upon judgment for plaintiff in the sum of $65.50 and costs in the justice court, the cause was appealed to the superior court of said county.   Upon a trial in the superior court to a jury, judgment was rendered

for plaintiff in the sum of $65, less a credit set up in a counter-claim of $30. From this judgment, defendants prosecute this appeal by filing their petition in error with case-made attached. Defendants allege the following assignments: (1) Error in over-ruling motion for new trial; (2) error in not directing the jury to return a verdict for defendants; (3) error in refusing to set aside the verdict of the jury; (4) error in rendering judgment upon the verdict.

Plaintiff testified, in substance, that he entered into a con-tract with defendants, whereby they promised to pay him $15 per month rent on a certain lot. Defendants by their testimony denied this contract, but there is nothing in their testimony to show they did not owe him rents upon an implied contract.

The only point raised in this court under the various assign-ments or error is that, as plaintiff sued upon an express contract, and was permitted to recover upon a *quantum meruit,* therefore the judgment is not supported by the evidence and the pleadings. This contention is not sound. The bill of particulars was suffic-ient to support a cause of action arising upon an express contract or either upon an implied contract. If the testimony of plaintiff was true, there was an express contract. If the testimony of de-fendants was true, there was no express contract, but their tes-timony is not inconsistent with the fact that they were due plain-tiff something upon an implied contract, and this is also permis-sible under the law. Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

We are of the opinion that this record presents a case to which the above-quoted section of the statute is applicable and should be applied. After examining the entire record, we are clearly of the opinion that no injustice has been done; and the judgment of the trial court is affirmed.

All the Justices concur.