Okla. City Land & Development Co. et al. v. Adams Eng. & Blueprint Co.

interest therein.   Upon this proposition rested his right to favorable consideration in the contest waged by him. Plaintiff, having failed in this particular, and there being evidence from which the secretary could reach the conclusion that plaintiff was not in possession of the land prior to the time defendant filed thereon, and the so-called relinquishment by the contestee to his allotment of said land not being germane to said contest instituted by plaintiff, the correctness of the ruling of the secretary cannot be questioned.   Therefore the petition in this case failed to state a cause of action, and the court did not err in sustaining a demurrer thereto.

There being no prejudicial error in this case, the judgment of the trial court should be affirmed.

By the Court:   It is so ordered.

---

## OKLAHOMA CITY LAND & DEVELOPMENT CO. *et al.* v. ADAMS ENGINEERING & BLUEPRINTING CO.

No. 4633.   Opinion Filed September 28, 1915.

Rehearing Denied October 19, 1915.

(155 Pac. 496.)

1.   **APPEAL AND ERROR—Findings of Jury—Evidence.**   Where there is competent evidence reasonably tending to support the findings of the jury, the same will not be disturbed upon appeal.

2.   **APPEAL AND ERROR—Harmles; Error—Judgment—Affirmance.**   If, after an examination of the entire record, this court is unable to say that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the judgment must be affirmed.

(Syllabus by Rittenhouse, C.)

Okla. City Land & Development Co. et al. v. Adams Eng. & Blueprint Co.

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Adams Engineering & Blueprinting Company against the Oklahoma City Land & Development Company and others. Judgment for plaintiff, and the defendant named brings error. Affirmed.

*W. F. Harn* and *H. S. Hurst,* for plaintiff in error.

*J. H. Ready,* for defendant in error.

Opinion by RITTENHOUSE, C. This is an action to recover a balance of $136.50 due upon an oral contract to survey a part of the S. W. ¼ of section 11, township 12 N., range 3 E. I. M. Issues were joined and the cause tried to a jury, resulting in a judgment in favor of the plaintiff.

It is argued that the verdict is not sustained by sufficient evidence. Upon an examination of the record we find that H. C. Adams testified to the terms of the oral contract; that the work was performed under such contract by surveying the tract of land and subdividing the same into lots, blocks, streets, and alleys; that it required the labor of four men for the space of 18 days to perform the work; and that certain material was furnished as provided by the terms of the contract. The defense was that the work performed under the contract was inaccurate and necessitated an additional survey, and for that reason defendants were not liable. The jury passed upon the question of the accuracy of the survey, which was the only defense offered, and, as there was competent evidence reasonably tending to support their finding, the judgment will not be disturbed by this court. *McKemie v. Albright,* 44 Okla. 405, 144 Pac. 1027.

The next question complained of is the giving and refusal of instructions. No reason is given as to why the refusal of the instructions requested was prejudicial to the defendant. Any objection, therefore, to the refusal of such instructions will be deemed waived. The defendant complains of instruction No. 9 on the ground that it presumes that some officer or representative of the defendant company directed the method of surveying the property, which presumption, it is claimed, was not borne out by the evidence. We have examined the record, and find that the evidence did not fully warrant so comprehensive an instruction, but, in view of all the facts in this case, it does not appear that the error has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. *Producers' Oil Co. v. Eaton,* 44 Okla. 55, 143 Pac. 9; *City of Guthrie v. Snyder,* 43 Okla. 334, 143 Pac. 8.

The cause should therefore be affirmed.

By the Court: It is so ordered.