**CRAWFORD et al. v. CASSITY et al.**

No. 9589—Opinion Filed April 27, 1920.

Rehearing Denied June 8, 1920.

(Syllabus by the Court.)

**1. Judgment—Conformity to Issues.**

The rendition of a judgment, or a part thereof, which is entirely outside of the issues as made by the pleadings and the evidence is erroneous.

**2. Municipal Corporations — Creation of Sewer Districts—Powers of City Council.**

Section 468, Rev. Laws 1910, grants to the mayor and city council the power to determine the necessity of establishing certain sewer districts, within said town or city, and the general rule is, the finding by the city council that said improvement is necessary is final, and cannot be reviewed by the courts in the absence of circumstances of fraud and oppression.

**3. Same—Ordinance—Injunction by Property Owners—Petition.**

A petition which alleges that an ordinance of the city council in creating a sewer district was unreasonable, unjust, and was passed designedly and capriciously, and was unnecessary and would be of no benefit to the property or to the public, contains sufficient allegations to state a cause of action.

**4. Municipal Corporations—Public Improvements — Assessments — Presumption of Legality.**

Proceedings of a municipal corporation ordering public improvements and making assessments to pay for same are presumed to be regular, and the burden is upon the one attacking the legality of such assessments to show irregularity in such proceedings.

**5. Same—Sewer Construction—Injunction—Question of Benefit to Property.**

Whether lots in a sewer district are benefited to the amount of the assessment

levied against such lots is a legislative question, and, having been determined by the legislative power of the city in regular proceedings, is conclusive in an action to enjoin the collection of the assessments on the ground that the cost exceeds the benefits.

**6. Same—Powers and Discretion of City Council.**

The general rule is, where the mayor and city council have determined a certain sewer improvement necessary, the courts cannot interfere to prevent said improvement, except in cases where it clearly appears that the discretion of the local legislative branch of the government has been abused, and said ordinance is so unreasonable and oppressive as to render it void.

**7. Same — Injunction — Sufficiency of Evidence.**

The evidence examined, and held, the judgment of the trial court, when the law applicable to such facts is applied to said evidence, is clearly against the weight of evidence.

Error from District Court, Kay County; Wm. M. Bowles, Judge.

Action for injunction by G. M. Cassity and others against W. R. Crawford, mayor, and others, members of the city council of the city of Tonkawa, and F. W. Keeney & Company. Judgment for plaintiffs, and defendants bring error. Reversed.

W. W. Davis and John S. Burger, for plaintiffs in error.

Sam K. Sullivan and J. H. Hill, for defendants in error.

McNEILL, J. This action was instituted in the district court of Kay county by G. M. Cassity, Elihu Myers, and G. G. Overstreet against the city council of Tonkawa and F. W. Keeney & Company to enjoin the city from constructing lateral C in sewer district No. 4, in the alley of block 30. It is alleged that the plaintiffs were the owners of all of the lots in said block, and that lateral C, which extended into block 30, was placed in said ordinance by the said city council and officers of the said city designedly and capriciously and unnecessarily, for the reason a sewer placed in the alley of said block would not be beneficial to the citizens of the city of Tonkawa in any manner, would benefit no one, and the act of the city council in including said block in said ordinance was unreasonable, unjust, and not a reasonable and just exercise of the authority conferred upon the said mayor and council.

It is further alleged that there are sewers running along sides of said block, and that said lateral is unnecessary, and that plaintiffs filed a protest with the city coun-

cil, and thereafter the city council let a contract to Keeney & Company. To this petition is attached the plaintiffs' protest and the ordinance. The plaintiffs ask for a temporary injunction, which was denied by the court. Thereafter plaintiffs filed a supplemental petition, alleging that Keeney & Company had filed its bond and was attempting to proceed with said work. Thereafter a second supplemental petition was filed, alleging, in addition, that the work had been completed and that the city council had passed an ordinance assessing the benefits to said lots, amounting to $278, and asking that the same be declared illegal and void and the city be enjoined from collecting the same. The defendants answered admitting a great portion of the allegations of the petition, except the fact that it was unnecessary that the sewer be installed in said block, and denying that said lateral C was included in said sewer district on account of any ill will, or for oppression, but alleging that said block was in the center of said city, and a portion of the same was low, and without sewerage and insanitary; and further answered that the ordinance had been passed and the sewer had been installed as provided in sections 462-471, Rev. Laws 1910. With the issues thus formed, the case was tried upon its merits to the court, and after hearing the evidence the court granted the injunction, and the court, in granting the injunction, stated as follows:

"The court finds that the city council and defendants herein were without jurisdiction to order the sewer complained of in the petition of the plaintiff, for the reason that after the protest was filed by the plaintiffs there was no finding by the city council and no record of any finding made in accordance with the statute, section 468, Rev. Laws, 1910, making it necessary, where the protest is filed, that the council find it necessary to build said sewer, and that said neglect of the council to make said finding when said protest is filed is jurisdictional.

"The court further finds as a matter of fact that the said sewer in block 30 in said city of Tonkawa, as set out in plaintiffs' petition, was not necessary, in the judgment of the court."

The defendants filed a motion for a new trial, which was overruled by the court.

The plaintiffs in error, for reversal, argue two propositions—or they might be considered as three:

First. That the trial court had no jurisdiction to hear and determine the matter presented in the petition of defendants in error, for the reason that the jurisdiction conferred by legislative enactment upon the mayor and council to proceed with the work of providing a sewer when they deemed it necessary, is conclusive.

Second. That the judgment of the trial court, holding plaintiffs in error were without jurisdiction to order the sewer complained of in the petition for the reason that after the protests were filed by defendants in error there was no finding by the city council, and no record made of any finding made in accordance with section 468 of Revised Laws of 1910, is not based upon evidence introduced into the trial of the case; and, further, that the judgment of the court is contrary to the weight of the evidence and is contrary to law.

We will first consider the finding of the court in regard to the city council having no jurisdiction to enter into the contract for the reason that after the protest was filed the city council did not make a finding that the sewer was necessary. We have searched the pleadings to find where this question was ever raised or made an issue in the case at bar, and have been unable to find where such question was made an issue in the case, either by the pleadings or the evidence.

The opening statement of defendants in error and their statements during the trial disclose that the question as to whether the city council had made an order after the protest was filed finding that the sewer was a necessity, was not an issue in the case. Counsel for defendants in error, in defining their position, stated their contention was that this lateral C was unnecessary; that the same was not for the benefit of plaintiffs' property and added no benefit to the property in any amount, no benefit to the citizens of Tonkawa, nor was it beneficial for the welfare of the city; and, further, that the city could not take private property to benefit the public unless it gave the private property back sufficient benefit to equal the amount of the costs or taxes to be assessed against said property. There was no issue raised by the pleadings that the injunction was applied for upon the ground that the city council acquired no jurisdiction by failing to make a record after the protest was filed that the city council considered the lateral a necessity. The record of the city council upon this proposition is not evidence. The evidence does not disclose whether there was such a record or not. The evidence does disclose that the city council gave the protestants a hearing, but there was no evidence offered upon either side as to whether the council had overruled the protest or

whether there was a record disclosing that the city council considered it a necessity to complete said lateral. The evidence does disclose that, after hearing the protest, the city council proceeded to let the contract for constructing the sewer, and all or practically all of the members of the city council testified they considered said sewer necessary.

Defendants in error, who were the plaintiffs below, did not introduce the record of the city council upon this point, and if they attacked the proceedings upon that ground, the burden of proof was upon the defendants in error to prove no such record was made. It was not incumbent upon plaintiffs in error, being the defendants below, to introduce such record, when no such issue was presented in the pleadings.

This court, in the case of Newman v. Warner-Quinlan Asphalt Co., 71 Oklahoma, 177 Pac. 375, stated as follows:

"Proceedings of a municipal corporation ordering street improvements and making assessments to pay for same are presumed to be regular, and the burden is upon the one attacking the legality of such assessments to show irregularity in such proceedings."

See, also, Rawlins v. Warner-Quinlan Asphalt Co., 70 Oklahoma, 174, Pac. 526.

This court, in the case of City of Perry v. Davis et al., 18 Okla. 427, 90 Pac. 865; City of Muskogee v. Rambo, 40 Okla. 672, 138 Pac. 567; Orr v. City of Cushing, 66 Oklahoma, 168 Pac. 223, has held that the city acquired jurisdiction when passing the ordinance of necessity.

We therefore hold that this finding of the court is not based upon the pleadings or the evidence in the case, and is erroneous, following the rule laid down by this court in the case of Champion v. Oklahoma City Land & Development Co., 61 Okla. 133, 135, 159 Pac. 854.

The next question presented is, Did the court have jurisdiction, or did the petition state a cause of action? The petition alleged that it was unnecessary to construct said sewer in block 30 and the construction of the same in block 30 was unreasonable, unnecessary, and the arbitrary exercise of power and an abuse of discretion upon the part of the city council.

The general rule on the question is that the finding of the city council that an improvement is necessary is conclusive, unless the finding is based on such circumstances as amount to fraud or oppression. The rule is stated as follows in Page and Jones on Taxation by Assessment, p. 450:

"By the terms of some statutes, power to determine the necessity and propriety of certain kinds of improvements is sometimes vested in certain public officials. The action of such officials is generally regarded as final, at least in the absence of circumstances of fraud and oppression."

This same rule is supported by the case of Stewart v. Neodesha (Kan.) 45 Pac. 110:

"And where the mayor and council have determined by ordinance that a new sidewalk is necessary, and by ordinance provide for the removal of the old walk and the building of a new one, designing the material, and providing the dimensions of the walk, their determination is final, and no action will lie by an abutting property owner to enjoin the construction of such walks, when the ordinance is not unreasonable or unjust in its provisions."

We think the petition stated a cause of action, and the court had jurisdiction to hear the cause and to determine whether the ordinance was unreasonable, unjust, and amounted to an abuse of discretion upon the part of the city council.

The next question presented is, Was the finding of the court that the construction of the sewer in block 30 was not necessary, in the judgment of the court, a sufficient finding to base an injunction on, or is said finding clearly against the weight of the evidence?

It was admitted that block 30 was practically within the center of town, 200 feet from the depot, about two blocks from the schoolhouse, and about a block or a block and a half from the post office. The evidence in the case on behalf of plaintiffs below was, not that it was unnecessary that sewerage be provided for said block, but their contention was that there was sufficient sewerage surrounding said block, and that the city council, by adopting proper ordinance, could compel the people to connect with the main sewer and thus obviate the building of this sewer. Several witnesses testified to this state of facts. The county health physician testified to that state of facts. One of plaintiffs' witnesses testified that he did not know whether the sewer was a necessity or would be any benefit at that time, but it might be a benefit in the future. Two other physicians testified that they believed the sewer was necessary for the benefit of the health of the city. One of the city councilmen testified that he did not believe the sewer was essential; the other six testified that they believed it was essential, not only for connecting the house and building which had been used as a garage and connecting the outhouses with the sewer-

age, but also the installing of the manhole close to the elevator would assist in draining the property. It was admitted by all that this property was considerably lower than the other portion of town, and was not a desirable residence portion of the town for the reason the land was low and high water made it undesirable and unhealthy to live there. While there might be sufficient evidence to find that the people would disagree upon whether it was essential to construct said sewer, yet such a rule is not the test upon which a judgment may be supported.

Counsel for defendants in error also contend that the property was not benefited by the improvement. This question has been decided by this court contrary to the contention of defendants in error in the case of Newman v. Warner-Quinlan Asphalt Co., supra, where the court stated as follows:

"Whether lots abutting on a street improvement are benefited to the amount of the assessment levied against such lots is a legislative question, and, having been determined by the legislative power of the city in regular proceedings, is conclusive in an action to enjoin the collection of the assessments on the ground that the cost exceeds the benefits."

This rule was followed in the cases of Oklahoma Ry. Co. v. Severns Pav. Co., 67 Oklahoma, 170 Pac. 216; City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282; Alley v. City of Muskogee, 53 Okla. 230, 156 Pac. 315; M., K. & T. R. Co. v. City of Tulsa, 45 Okla. 382, 145 Pac. 398.

Upon the question of whether the evidence was sufficient to support the finding that the ordinance was unreasonable or unjust, the rule is stated by the Supreme Court of Illinois in the case of City of Chicago v. Kehilath Anshe Mayriv, 284 Ill. 210, 119 N. E. 905, on page 906, as follows:

"We have held that the necessity for an improvement of this character is committed to the judgment of the city council, and that judgment is conclusive unless the evidence clearly satisfies the court that the council's action is unreasonable and oppressive. If there is room for a reasonable difference of opinion, the action of the council is final. City of Marengo v. Eichler, 245 Ill. 293, 80 N. E. 266. We would not be warranted, under the evidence in this case, in holding the ordinance unreasonable and void."

The Supreme Court of Illinois, in the case of City of Belleville v. Herzler, 225 Ill. 404, 80 N. E. 269, stated as follows:

"On objections to a special assessment for a street improvement, evidence held insufficient to show that the ordinance was void as arbitrary, unjust, and oppressive."

Again, the same court, in City of Belleville v. Pfingston, 80 N. E. 266, on page 267, stated the rule as follows:

"The necessity of a local improvement is by law committed to the city council, and courts cannot interfere to prevent such improvement except in cases where it clearly appears that the discretion of the local legislative branch of the government has been abused. This court has held many times that the only ground upon which the court can interfere is that the ordinance is so unreasonable and oppressive as to render it void. The presumption always exists in favor of the validity of an ordinance passed by competent legal authority. The nature, character, locality, and description of the improvement must necessarily, under the law, be left very largely to the discretion of the city councils in cities and boards of trustees of villages. Whether the pavement of a certain city street ought to be macadam or brick must be determined by the city council, and that question ordinarily is not subject to review by the courts. In determining the question of the reasonableness or unreasonableness of an ordinance the court must have regard to all existing circumstances, contemporaneous conditions, objects sought to be obtained, and the necessity or want of necessity for its adoption. To justify the court in interfering on questions of this kind requires a clear and strong case; but it is the duty of the court, when such case is presented, to protect against arbitrary and oppressive ordinances."

In the case of Marengo v. Eichler (Ill.) 91 N. E. 758, the fifth paragraph of the syllabus is as follows:

"To justify a court in holding an ordinance passed by a city council for a local improvement void because unreasonable, it must clearly appear that there has been an abuse of discretion and an arbitrary exercise of power to impose an unjust burden on property owners; it not being enough that there should be a difference of opinion between the court and council."

The record further disclosed that the cost of said improvement will range from $5 to $12 per lot, or a total cost of some $278. By following the rule laid down by the Supreme Court of Illinois, it was not only necessary for the plaintiffs to prove that the improvement was unnecessary and that the ordinance was oppressive, but the evidence should be so strong and clear that a court could say with reasonable certainty that the ordinance was so oppressive as to amount to the taking of property without due process of law, and void. The evidence in the case is not sufficient to support such a finding.

For the reasons stated, the judgment of the court is reversed and remanded, with instructions to dismiss the petition.

OWEN, C. J., and KANE, HARRISON, PITCHFORD, JOHNSON, and HIGGINS, JJ., concur.