## STUARD v. FIRST STATE BANK OF WAURIKA.

No. 10887—Opinion Filed Jan. 11, 1923.

(Syllabus.)

### 1. Trial—Demurrer to Evidence—Consideration.

The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence which is most favorable to the demurrant as withdrawn.

### 2. Same—Action on Note—Defense of Payment.

Record examined, and held, that the evidence introduced by the defendant was sufficient to take the case to the jury, and that the court erred in sustaining a demurrer to such evidence.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the First State Bank of Waurika against Woodie Stuard and another on note. Judgment for plaintiff, and defendant Woodie Stuard appeals. Reversed and remanded.

W. C. Stevens and L. E. Richardson, for plaintiff in error.

Green & Pruet for defendant in error.

NICHOLSON, J. The First State Bank of Waurika brought this action against Woodie Stuard and W. T. Brummett, seeking judgment against Stuard upon a promissory note, and against Brummett for the value of certain cattle covered by a chattel mortgage given to secure the payment of said note, it being alleged that Brummett converted the cattle covered by said mortgage to his own use and benefit without accounting to the bank therefor. The plaintiff dismissed the case as to Brummett. The defendant Stuard filed an answer, admitting the execution of the note and pleading payment thereof. At the conclusion of the defendant's evidence, the plaintiff demurred thereto, which demurrer was by the court sustained and judgment rendered for the plaintiff for the amount sued for, from which judgment the defendant Stuard has appealed.

The only question presented is whether or not the court erred in sustaining the demurrer to the defendant's evidence, and in determining this question the test to be applied is, that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may reasonably or logically be drawn from the

evidence, are by the demurrer admitted. The court cannot weigh conflicting evidence, but must treat the evidence which is most favorable to the demurrant as withdrawn. Rose v. Woldert Gro. Co., 54 Okla. 566, 154 Pac. 531; Smith v. Rockett et al., 79 Okla. 244, 192 Pac. 691; Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 Pac. 586; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785.

The defendant testified, in substance, that during the year of 1917 he purchased cattle and borrowed from the plaintiff funds with which to purchase the same, and gave various notes secured by mortgages on the cattle so purchased; that in the fall of 1917, he sold some of these cattle and paid the entire proceeds to the plaintiff, and that on December 7, 1917, with the knowledge and consent of the officers of the plaintiff, he held a public sale at which 180 head of cattle, being all that remained, were sold to Mr. Brummett. Mr. Lemon, the president of the bank, was told immediately after the sale that settlement would be made by Brummett within ten days. Two or three times before the ten days expired, Lemon insisted that payment for the cattle be made, as the notes representing the amount owed by the defendant were past due. On December 20, 1917, Brummett and Stuard went to the plaintiff bank, Brummett having with him a draft sufficient in amount to pay the purchase price of the cattle purchased by him. Mr. Lemon was informed by Stuard that he wanted to settle up and pay what he owed the bank, so that a release of the mortgage on the cattle could be secured. Lemon computed the amount due, which was about $6,000, which was paid from the draft or check delivered to the bank by Brummett. After taking the amount he claimed to be due on the notes of Stuard, Lemon told Brummett and Stuard that he did not have the notes in the bank at that time; that they did not carry the large paper in the bank, but used it elsewhere, but that he would get the notes without delay, and deliver them to Stuard. Brummett then informed Lemon that he had executed a mortgage upon the cattle purchased by him from Stuard in order to obtain the money he had just paid the bank, and that he was anxious to have the bank's mortgage released, and Lemon promised to make the release.

Stuard further testified that at a later date Lemon gave him "the mortgage papers", and that there were three of them, and at a still later date Lemon requested him to return these papers, as he wanted to look them over. Stuard returned to Lemon

the three papers, one of which was the mortgage, or a copy thereof, securing the note in suit, and later Lemon returned to him but two of these papers.

Stuard kept no books, but relied upon the bank for data as to all purchases, indebtedness, etc. The bank made no claim that Stuard owed the note sued on for more than five months after the settlement had on December 20, 1917, when the defendant claimed to have paid the note, although on two different occasions, in the meantime, Stuard borrowed considerable sums from the bank.

Stuard is corroborated by Brummett in his statement that on December 20, 1917, he told Lemon that he wanted to take up what he owed the bank, and Brummett testified that Lemon promised him that he would release the mortgage on the cattle.

The evidence shows that Stuard made a profit on each of his cattle transactions, and that he turned to the bank the entire proceeds derived from the sale of the cattle.

The defendant in error insists that there is no evidence tending to show that any payment made by Stuard was made as payment on the note in controversy. It is true that Stuard did not particularly describe this note, but he did testify that he told Lemon that he wanted to settle up, and that he paid all that Lemon claimed was due. This note was secured by a mortgage on the cattle sold to Brummett, and when the payment of about $6,000 was made Lemon promised Brummett to release the mortgage. It is not probable that Lemon would have promised to release this mortgage if the note still remained unpaid.

It is clear to us that there was sufficient evidence to take the case to the jury, and that the court erred in sustaining the demurrer to the defendant's evidence.

The judgment is reversed, and the cause remanded for a new trial.

All the Justices concur, except PITCHFORD, J., not participating.