## MULLER v. CAMPBELL et al.

No. 12584—Opinion Filed Jan. 22, 1924.

1. **Appeal and Error—Right to Complain —Foreclosure of Mechanics' Liens.**

In an action to foreclose the lien provided for under section 7484, Comp. Stat. 1921, where the defendant disclaims all interest in the property claimed under the lien, and judgment is rendered for plaintiff and foreclosure ordered, the defendant cannot complain of the foreclosure, as he is not injured thereby.

2. **Mechanics' Liens—Oil Well Improvements—Lien on Equitable Interest.**

Any person who furnishes materials and labor in the construction of a drilling rig or derrick on the premises to a party who is given possession of said premises under and by virtue of an executory contract to have an interest assigned him in the oil and gas lease covering same from the lessee thereof, has a lien upon the equitable interest of the assignee in said contract together with the drilling rig in the construction of which the material and labor were used, under section 7464, Comp. Stat. 1921.

3. **Appeal and Error—Immaterial Variance —Parties in Mechanics' Lien Foreclosure.**

Where plaintiff brings suit against two defendants alleging a verbal contract to furnish materials and labor in the construction of a drilling rig, and performance on his part, and general liability on the part of the defendants, and asks for judgment against the defendants or either of them, and the evidence shows that only one is liable, there is no material variance between the petition and evidence, and judgment against the one is not erroneous and same will be affirmed on appeal.

4. **Affirmance of Judgment.**

The record examined, and held no substantial rights of defendant denied or infringed upon by the judgment, and the same should be affirmed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Custer County; T. P. Clay, Judge.

Action brought by T. F. Campbell against H. J. Muller and Frank F. Jennings. Judgment for plaintiff, and defendant Muller brings error. Affirmed.

Geo. P. Glaze, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by THREADGILL, C. This appeal is prosecuted by the plaintiff in error, one of the defendants below, from a judgment of the district court of Custer county in favor of T. F. Campbell, the plaintiff in the trial court, and for convenience the plaintiff in error, H. J. Muller, will be designated as defendant and T. F. Campbell will be designated as plaintiff in this opinion.

On January 3, 1920, the plaintiff brought suit on a verbal agreement against H. J. Muller and Frank T. Jennings to recover $3,631 for work and labor performed and materials furnished in constructing a derrick for drilling an oil and gas well on S. W. ¼ of section 9, T. 14 N., R. 14 W., in Custer county, and for attorneys fees in the sum of $360, and to foreclose his lien claimed on the oil and gas leasehold estate and the derrick so constructed on said leased premises.

The plaintiff claimed that the defendants employed him by verbal contract to construct the derrick for the purpose of drilling a test well for oil and gas, and in compliance with the contract he furnished the materials and did the work at a cost of $3,750, and received payment on same of $119, leaving a balance due on $3,631, for which he filed a lien statement under section 7464, Comp. Stat. 1921. He also claimed attorney's fees in his foreclosure suit in the sum of $360 and asks for judgment against the defendants for the amounts claimed and the foreclosure of his lien against the property to satisfy the same. He does not state in his petition, except by inference, that the defendants or either of them had a lease of any sort upon the land or the oil derrick so built, or had any interest in the land, neither does the lien statement state any facts as to interest of the defendants in the land except by calling the same the property of the defendants.

Defendant Jennings filed a separate answer consisting of a general denial and the defendant Muller filed an answer in which he denied specially all the material allegations of the plaintiff's petition. The issues were tried to the court without a jury on March 1, 1921, and the facts developed by the testimony are substantially as follows:

One F. C. Parker, representing the Parker Oil Refining Company, entered into a written contract with the defendants Muller and Jennings for the drilling of a test well and provided in said contract that the rig for drilling should be constructed on the land above described on or before September 22, 1919, and that they would begin the drilling by October 22, 1919, and in pursuance of this contract the defendants employed the plaintiff to construct the derrick. The defendants were to have an interest in the oil and gas leases covering 6,000 acres of land in the neighborhood of the town of Thomas, and a part of the consideration for this interest was the construction of this derrick, which they agreed in the contract to construct, and for which purpose they employed the plaintiff. The interest was to be assigned them as soon as the derrick was constructed and drilling commenced. The derrick was constructed but the drilling did not commence and the assignments were not made. The Parker Oil Refining Company knew of the arrangement of the defendants with the plaintiff for the construction of the derrick, and knew that the plaintiff was building the rig on the particular lease above described, and there was no objection to the work or the location of the drilling rig. The defendant Muller denied having any connection with the contracts and transactions or any interest in the land involved, or the rig constructed, and was substantially contradicted by all the other witnesses. The defendant Jennings said that he had an agreement with Muller that Muller should furnish the rig and tools to spud in on the acreage mentioned by the witness, Parker, after which they were to become equal partners in interest and liability for costs, and that the Parker Oil & Refining Company, through A. C. Parker, its president, was to put up 6,000 acres of the lands under lease, and he and Muller were to have an equal interest in this land. He also testified fully as to the contract Muller had with Campbell to build a rig. There was no dispute as to the amount of the claim which was set out fully in the testimony of the plaintiff. After hearing all of the evidence the court rendered judgment in favor of plaintiff for the sum of $3,500, with interest at six per cent. from December 17, 1919, and ordered a foreclosure of plaintiff's lien against the drilling rig and equipment attached thereto, and decreed an attorney's fee of $350 for plaintiff's attorney, to be had, with the cost in the action, from the foreclosure sale of the property. The defendant Muller excepted to this judgment and brings the case here by petition in error and case-made for review, alleging four assignments of error:

"(1) The decision and judgment of the court is not sustained by sufficient evidence and is contrary to the evidence. (2) The decision and judgment of the court is contrary to law. (3) On account of errors of law occuring during trial and excepted to and objected to at the time by the plaintiff in error. (4) The court erred in overruling motion for a new trial of plaintiff in error."

Under the first two assignments the defendant contends and urges that:

"The judgment of the court is erroneous because the plaintiff below, Campbell, never had a right of lien, and there is nothing upon which to base or sustain a judgment foreclosing a mechanic's lien."

1. Under this proposition defendant urges that no lien ever attached, for the reason the defendants did not own the land or the leasehold estate where the rig was constructed, and the contract to build the rig, not being with the owner of the one or the other, was not sufficient to obtain a lien; citing Lee v. Tonsor et al., 62 Okla. 14, 161 Pac. 804, and Gentry-Bowers Lumber Co. v. Hamill et al., 75 Okla. 210, 182 Pac. 687.

We recognize this as the general rule of defense in all cases where the action is brought against the owner and the proof shows there was no legal contract with such owner, but we cannot see where this defense is available to the defendant in this case. He does not claim any interest in the drilling rig, the land, or leasehold estate. He is not injured, but rather benefited by the foreclosure. Whatever the property sells for takes that much off the personal judgment against him. A. C. Parker, the representative of the Parker Oil & Refining Company, appeared as a witness in the case and stated that the rig was never paid for, and the parties never got to the point where the assignments were due, and we think it an item to be considered that Parker and the company he represented as an official did not make any claim to the property against the foreclosure of the plaintiff in court, and made no objections to the plaintiff's claim, and we cannot see why the defendant would object, and especially since he was to be benefited by the sale of the property, unless perchance it is because he entertains some high ideals as to the procedure in claiming and foreclosing the lien provided for under the statute and these ideals outweight his own pecuniary interest.

Under the contention of the defendant, in his answer and his testimony, that he has no interest in the contracts and the property involved, and, therefore, will suffer no injury by the judgment of foreclosure, this first contention could be disposed of by sec-

tion 319, Comp. Stat. 1921, which reads as follows:

'The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect"

—and section 2822, Comp. Stat. 1921, which reads as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or as to error in any matter of proceeding or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

2. The plaintiff, in meeting the argument of the defendant, contends that the rule stated and the cases cited do not apply to this case because based upon a different state of facts, and the rule laid down in Thomas v. Soper Lumber Company, 69 Okla. 197, 171 Pac. 736, is the rule to be followed in this case, because the facts are more in point. The rule is stated in the syllabus as follows:

"A materialman who furnishes material to be used in the construction of improvements on premises to a party who is in the peaceable and lawful possession of said premises under and by virtue of an executory contract to purchase the same from the legal owner thereof has a lien upon the equitable interest of the vendee in said contract together with the building in the construction of which the material was used."

And in the body of the opinion the court uses this language:

"It cannot be controverted that the plaintiff has a lien upon the equitable interest of the defendant, Peavey, including the buildings constructed out of the materials furnished by the plaintiff. The difficult question is as to what effect the settlement whereby Peavey reconveyed his interest to Thomas, between the defendant, Thomas, the legal owner, and the defendant Peavey, had upon the lien. It is very clear that the surrender or reconveyance of the interest from Peavey to Thomas could not operate to defeat the lien of the plaintiff, upon the interest of the said Peavey."

The plaintiff also invokes the doctrine of equitable estoppel, that one party cannot by his conduct mislead another party to his injury and then deny liability, citing the case of Stark v. Petty Bros. (Ky.) 243 S. W. 50.

We think the holding of the courts in these cases is applicable to the case at bar, and the trial court was right in giving judgment to foreclose the lien, and the judgment is warranted by the statute. Section 7464, Comp. Stat. 1921; Basham v. Goodholm & Sparrow Investment Company, 52 Okla. 536, 152 Pac. 416; Oklahoma City Land & Development Co. v. Adams Engineering & Blue Printing Co., 51 Okla. 763, 155 Pac. 496; Talla v. Anderson, 53 Okla. 418, 156 Pac. 670; Nelson et al. v. Davidson, 45 Okla. 356, 145 Pac. 772.

3. The defendant further complains under this proposition that the pleadings and evidence do not sustain the judgment, because the action was brought against the two defendants, Muller and Jennings, on the theory that they were partners, and cites Champion et ux. v. Oklahoma City Land & Development Co., 61 Okla. 135, 159 Pac. 854, and Crawford et al. v. Cassity et al., 78 Okla. 261, 190 Pac. 412. We do not think there is any merit in this contention. The petition shows that the contract for building the derrick was made with both defendants as individuals and not as partners, and the prayer was for judgment against both or either of them, and the evidence shows that Muller denied any connection with the contract and any interest in the drilling adventure and disclaimed all interest in the property, and Jennings, in his testimony, acknowledged they were to have an interest in the oil and gas leases and in his agreement with Muller, he (Muller) was responsible for providing the drilling machinery—all of which were within the issues and amply sustain the judgment. The cases cited and urged by the defendant grow out of a different state of facts altogether and have no application to this case.

4. In the next place the defendant presents his third and fourth specifications of error as errors of law occurring at the trial, and the overruling of the motion for new trial. He says it is error for the court to overrule his demurrer to the petition and to the evidence, and to render judgment against him and order foreclosure.

We have studied the petition with its exhibit and the evidence in the case and the argument made by counsel in his brief, and we do not think there is any merit in this contention as to these alleged errors. There are very few actions in which the petitions are without fault and above criticism, but where the petition states facts of liability

in plain language, and asks for relief consistent with the facts stated, the same is good against a general demurrer. The statutes provide for liberal construction of the pleadings, when challenged by demurrer, and the decisions of this court have illustrated the meaning of the statute in many cases. Section 294, Comp. Stat. 1921: Good v. First National Bank, 88 Okla. 110, 211 Pac. 1051; Ross v. Breene, 88 Okla. 37, 211 Pac. 417.

The petition and copy of mechanic's lien statement attached as an exhibit and made a part of the petition examined, and held sufficient against the demurrer under the statute as construed by the above cases; and upon consideration of the evidence and all the reasonable inferences to be drawn therefrom favorable to the plaintiff, the same is good against the demurrer and sufficient to sustain the judgment of the court. Hughes v. Senter, 88 Okla. 191, 212 Pac. 311; Stuard v. First National Bank, 88 Okla. 89, 211 Pac. 1027; Rosengerg v. Oldham, 88 Okla. 252, 212 Pac. 746.

It would serve no useful purpose to consider and discuss each of the errors complained of under the second assignment of the defendant, as the discussion would be substantially the same as made above. We think under the petition of the plaintiff and the evidence supporting the same and the law applicable thereto, that he is entitled to the judgment rendered and the same should be affirmed.

By the Court: It is so ordered.