## THE CHICAGO UNION TRACTION COMPANY

*v.*

## THE CITY OF CHICAGO.

*Opinion filed April 17, 1905—Rehearing denied June 7, 1905.*

1. SPECIAL ASSESSMENTS—*substantial compliance with statute in describing improvement is sufficient.* A substantial compliance with the requirements of the statute as to the description of the improvement in the ordinance is all that is required.

2. SAME—*when description of grades is sufficient.* The description, in a paving ordinance, of the grade for a roadway, gutters and curbs is sufficient when, if considered with the terms of a general ordinance of the city given in evidence, any contractor or person experienced in constructing pavements could substantially comply with the improvement ordinance according to its intent.

3. SAME—*question of benefits not dependent on particular use of property.* The question of the extent of benefit to property from the paving of a street is not to be determined by the particular use to which the owner is putting the property at the time.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

WILLISTON FISH, (JOHN A. ROSE, of counsel,) for appellant.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is a special assessment proceeding for the purpose of paving the roadway in South Spaulding avenue, in the city of Chicago, from the south line of Jackson boulevard to the north curb line of West VanBuren street, and for adjusting existing sewers, catch-basins and man-holes to the proposed pavement. On each side of the roadway, a granite concrete combined curb and gutter is designed as a part of the improvement. From a judgment confirming the assess-

ment, entered by the county court of Cook county, the Chicago Union Traction Company appeals to this court.

It is first objected that the estimate of the engineer, presented to the city council with the recommendation of the board of local improvements and the proposed ordinance, was not itemized as required by law. In *Jones* v. *City of Chicago,* 213 Ill. 92, an estimate substantially identical with the one now before us was considered by this court and held to be a compliance with the statute. We are satisfied with the conclusion there reached.

*City of Peoria* v. *Ohl,* 209 Ill. 52, relied upon by appellant, is not in point for the reason that in that case the estimate of the cost, aside from the court costs and the expense of collection, was not itemized at all.

It is next urged that the ordinance is void for uncertainty in its description of the grade of the improvement. As hereinbefore suggested, the ordinance contemplates the use of existing catch-basins, and the following plat shows the location of the proposed improvement and of such catch-basins:

The ordinance definitely establishes the grade of the middle line of South Spaulding avenue and then provides that the "top edge of the curb shall coincide with the grade of the" avenue, and that "the surface of the said finished roadway at the summit in the gutter between catch-basins and adjoining the roadway face of the curb shall be four inches below said established grade, and the surface of the finished roadway at the catch-basin inlets in the gutters adjoining the roadway face of the curb shall be nine inches below said established grade," and that "the slope of the gutters adjoining the roadway face of said curb shall be uniform from the summits to the catch-basins." Referring to the plat, it will be seen that there is a catch-basin on either side of South Spaulding avenue 107 feet south of the north end of the proposed improvement, and the evidence shows that there is no catch-basin at the end of either of the gutters at intersection of the improvement with Jackson boulevard.

It is manifest that the ordinance fixes a proper grade line for the gutters between catch-basins, but it is argued that there is 107 feet of gutter on each side of the roadway north of the catch-basins, and between the latter and Jackson boulevard, in which the grade of the gutters is not fixed by the ordinance. In addition to the ordinance for this particular improvement there is and was introduced in evidence a general ordinance of the city regulating the grades at street intersections, which provides that "all street grades shall be established along the curb line of streets, and shall run in a straight line from the established grade at any street intersection to the established grade of the intersection of the next street thereto, or to any established grade between the intersections of said streets. The term 'intersection of streets' shall be taken as the intersection of curb lines, and curb lines produced at all intersecting and abutting streets." This ordinance is explained by the engineer, who has had many years of experience in the paving and improvement of the

streets of Chicago, to mean that where streets intersect, the center of the square formed by the intersection of the streets and the curb at the four corners of the street intersections are all to be of the same grade. The grade fixed at Jackson boulevard is 18.6 feet above datum, the grade fixed at Scott place is 18.4 feet and the grade at VanBuren street is 18.2 feet. Having, then, the center line or curb line, the grade of the catch-basins and the grade of the gutter at the summit, which is four inches below the top of the curb, the fixing of the grade for the street is but a matter of simple mathematical calculation. And applying the principle to the north 107 feet of the improvement, which intersects Jackson boulevard, which is at a grade of 18.6 feet, knowing that the grade from there to Scott place is a gradual decline from 18.6 feet to 18.4 feet, by simple proportion the grade 107 feet south of Jackson boulevard may be readily ascertained.

It is said in the argument, however, that it cannot be told whether the water is to run north on this 107 feet toward Jackson boulevard or south toward the catch-basins. We see no difficulty in determining this question from the ordinance itself, as it requires that "the slope of the gutters adjoining the roadway face of said curb shall be uniform from the summits to the catch-basins." No other catch-basins are shown along the line of the improvement on this disputed 107 feet, except the two 107 feet south of Jackson boulevard. The evidence shows as a fact that there are no catch-basins at the Jackson boulevard intersection, so that common observation would require that Jackson boulevard, at which the grade is 18.6 feet, be taken as the summit, and the gutters slope thence south toward the catch-basins.

It is next insisted that as the ordinance provides that "a transverse section of said finished roadway and said gutter-flags shall be an arc of a circle passing through the said gutter grades and the grade of the center of the said finished roadway at every part of said South Spaulding avenue and

at every part of said intersecting streets between said points," in view of the fact that there is but one catch-basin on the east side of Spaulding avenue between VanBuren street and the north catch-basin, 107 feet from Jackson boulevard, and as there are two between the catch-basins on the west side, the slope in the gutter from one of these catch-basins to the other will be slightly variant, and that therefore the perfect arc that is called for by the ordinance will be impossible. To us this seems the refinement of technicality. It can have no substantial effect on the improvement, either in cost or service, and while the difference may be an inch or such a matter, we do not regard it as fatal to the ordinance.

It is next said that the same difficulty as to forming the arc of a circle will arise at the intersection of Scott place with Spaulding avenue,—and that also must be conceded. But the ordinance for this improvement provides that street intersections shall be made, and while it does not go into details as to how the grade shall be at the street intersections, that question is fully covered by the general ordinance from which we have already quoted. These two ordinances should, and will, be construed together, and so construing them we find no difficulty in sustaining this ordinance. A substantial compliance with the requirements of the statute as to the description of the improvement by the ordinance is all that is required, and we have no doubt but that any contractor or person experienced in the construction of pavements could comply with this ordinance according to its intent, when taken in connection with the general ordinance upon the same subject, without any difficulty. *Walker* v. *City of Chicago,* 202 Ill. 531, and cases there cited.

The last contention is, that the property is assessed more than it will be benefited by the improvement. The property in question is a block lying east of the improvement, approximately 600 feet square. The west half of it, only, is assessed. The east half of it is used by appellant, in connection with its business, for car barns and other purposes. The

portion assessed is leased by it to the Chicago Water Chutes Company under a lease that will terminate in seven years. It is maintained as a public resort, at which various forms of entertainment and amusement are conducted. It is not held or used for railroad purposes. Upon it the Chicago Water Chutes Company has many buildings and structures of large value. The portion of the property assessed is variously estimated at from $15,000 to $40,000. It is adapted to residence purposes, and is in a growing residence district. Appellant introduced evidence showing that the amusement company has an entrance from Kedzie avenue for carriages, and that the only entrance it has on Spaulding avenue is a private gate, through which the manager alone comes, and a gate through which coal is hauled, and the contention is that according to the use made of the property by the lessee it is not benefited much, if any, by the improvement. The particular use made of the property with reference to the street in question by the lessee cannot be admitted as the rule for determining the benefits to the property. The proceeding is against the property, and the benefits are the increased value of the property by the improvement. (*Chicago Union Traction Co.* v. *City of Chicago,* 204 Ill. 363.) Upon this question appellant offered no evidence. Appellee offered three or four witnesses, who swear they are real estate men and familiar with such matters, and that the benefits and increased value of the property will be equal to or greater than the assessment. The conclusion of the court upon the question of benefits could hardly have been other than it was, under the evidence.

The judgment of the county court is affirmed.

*Judgment affirmed.*