THE CITY OF MARENGO, Appellee, *vs.* J. A. EICHLER *et al.*
Appellants.

*Opinion filed April 21, 1910.*

1. PRACTICE—*motion is an application made to the court.* The filing of a paper in the office of the clerk without bringing it to the attention of the court and asking the court to act upon it is not such an application to the court as amounts to a motion.

2. SPECIAL ASSESSMENTS—*what is not a motion to dismiss petition.* The filing of a paper setting forth that certain property owners object to the confirmation of a special assessment, to the application and all the proceedings and to the report filed, and move to dismiss the petition and application and all the proceedings for the reasons attached and marked "objections," does not amount to a motion to dismiss the petition.

3. SAME—*when objection that clerk's certificate had no seal cannot be insisted upon on appeal.* An objection that a petition for confirmation of a special assessment should have been dismissed because the copies of the resolution, ordinance and estimate attached to the petition were not properly certified, in that the corporate seal was not attached to the clerk's certificate, cannot be insisted upon on appeal, where the parties, without moving to dismiss the petition, entered upon a hearing of the questions raised by their objections.

4. SAME—*when ordinance need not be proved on the hearing.* Where the ordinance for the improvement is attached to the petition for confirmation of a special assessment it is a part of the record, and no proof of the ordinance is necessary on the hearing of the objections, where none of such objections put in issue the fact that the ordinance was passed.

5. SAME—*evidence to show that person who made assessment was inexperienced is not admissible.* The provision of the statute that the person appointed to make a special assessment shall be a "competent" person means only that he shall be free from legal disqualifications, and evidence calculated to show that his experience and opportunities for acquiring knowledge of the matter in hand had been limited is properly rejected.

6. SAME—*judgment of council as to reasonableness of improvement is final if there is room for difference of opinion.* The judgment of the city council as to the necessity for and reasonableness of the proposed improvement is binding upon the court, unless the

evidence so clearly shows injustice, oppression and unreasonableness that there is no room for a reasonable difference of opinion.

7. SAME—*rule where parties signing the petition testify against reasonableness of ordinance.* Where persons who signed the property owners' petition for an improvement subsequently appear as objectors and testify against the reasonableness of the ordinance, the petition so signed is admissible for the purpose of attacking the opinions testified to by such witnesses, who are then allowed to state why they signed the petition; but the admission of the petition does not authorize the admission of remonstrances offered by the objectors to confirm the opinions testified to.

8. SAME—*the question of variance between resolution and ordinance as to method of payment cannot arise.* The question whether an improvement shall be paid for by special taxation or special assessment is a matter which does not become the subject of consideration until an ordinance is recommended and is not among the questions to be considered at the public hearing on the resolution, and hence no question can arise of a variance between the resolution and ordinance as to the method of payment.

APPEAL from the County Court of McHenry county; the Hon. LOUIS M. RECKHOW, Judge, presiding.

J. E. BARBER, and EDWARD D. SHURTLEFF, (HENRY P. HEIZER, of counsel,) for appellants.

C. B. WHITTEMORE, and C. J. HENDRICKS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from the confirmation by the county court of McHenry county of a special assessment for the improvement of a portion of Washington street west of State street, in the city of Marengo.

The first objection is, that there was not attached to the petition of the city filed in the county court, copies of the ordinance, the recommendation of the board of local improvements and the estimate of cost, certified by the clerk under the corporate seal. The copies and certificate were complete except for the omission of the seal. Sec-

tion 37 of the Local Improvement act provides that such copies shall be attached to the petition, but that the failure to file them, or any of them, shall not affect the jurisdiction of the court to act upon the petition, but "if it shall appear in any such cause that such copies have not been attached to or filed with said petition before the filing of the assessment roll therein, then, upon motion of any objector for that purpose on or before appearance day in said cause the entire petition and proceedings shall be dismissed." The assessment roll was filed and notice given that application for confirmation of the assessment would be made on August 23, 1909. On that day the appellants and others filed a paper setting forth that they objected to the confirmation of the assessment, to the application and all the proceedings and the report filed, and moved to dismiss the petition and application and all the proceedings for the reasons attached and marked "objections." Thirty-three objections follow, among them the objection that the certificate of the clerk attached to the petition was not under the corporate seal of the city. So far as the record shows, none of the objections were brought to the attention of the court, nor. was any order made or asked until August 30, when a hearing was begun upon the legal objections and evidence was introduced. No motion to dismiss the petition was made on or before appearance day or at any time. The filing of these objections was not such a motion. A motion is an application made to the court, and the filing of a paper in the office of the clerk is not such an application. It must be brought to the attention of the court and the court asked to act on it. (Rapalje's Law Dict. "Motion;" Burrill's Law Dict.; *People* v. *Ah Sam,* 41 Cal. 645.) The appellants, instead of making a motion to dismiss, entered upon a hearing on the questions raised by their objections, and they cannot now insist that the petition should have been dismissed because the copies attached to the petition were not properly certified.

245—4

The objection is made that no ordinance was proved at the hearing. There was no occasion to prove the ordinance. The ordinance attached to the petition was a part of the petition. (*Houston* v. *City of Chicago,* 191 Ill. 559; *Foss* v. *City of Chicago,* 184 id. 436.) It was therefore in the record. None of the objections put in issue the fact that the ordinance had been passed and it was therefore unnecessary to prove it.

The court refused to permit the appellants to introduce evidence to show what business the person who made the assessment had been engaged in, what real estate he owned in Marengo, and what experience he had had in regard to the values of real estate in Marengo and how they were affected by paving. The evidence was offered to show that he was not a competent person to make the assessment. The only requirement of the statute is that the person appointed shall be a competent person, and this means only that he shall be free from legal disqualification. The law has established no standard of ability or experience, and the word "competent" is not used with reference to those qualities. No offer was made to impeach the fairness or integrity of the assessor; no charge that he had any interest in the property or that he did any improper act. It was merely sought to show that his experience and opportunities for acquiring knowledge had been limited. The evidence was properly rejected.

It is insisted that the ordinance is unjust, unreasonable and oppressive and should therefore be held void. To justify a court in holding an ordinance passed by a city council for a local improvement void because unreasonable, it must clearly appear from the evidence that there has been an abuse of discretion by the council and an arbitrary exercise of power to impose an unjust burden upon property owners. It is not enough that there should be a difference of opinion between the court and the council. The necessity of the improvement and its character and extent are

committed to the judgment of the city council, and that judgment must be conclusive, unless the evidence clearly satisfies the court that the council's action has been oppressive and without reasonable grounds. If there is room for a reasonable difference of opinion the action of the council is final.

Marengo is a city of two thousand population, with an area of one and one-half square miles, about three-fourths of this area being improved and built upon. State street runs north and south and is the main business street of the town. In 1908 it was paved with brick for three blocks. Washington street crosses State street where the latter is paved, and the part west of State street is one of the principal residence streets of the city, having located thereon an opera house, church, school house and a number of dwellings. The street had been graveled, but about five years ago a sewer was put down in the middle of the street. The street was left in bad condition and has ever since remained so, very little work having been done upon it in the meantime. Part of it is low and wet and it sometimes becomes very muddy. All agree that the street needs improving. There was a great divergence of views among the witnesses as to what the improvement should be. Some of the witnesses thought a brick pavement too expensive, noisy, dirty and unsanitary and that it would not enhance the value of the property. They favored graveling the street, which they testified could be done for $500 or $600, or, as some said, for much less, and they testified that this would put the street in good condition. Other witnesses thought the brick pavement a reasonable and desirable improvement, which would enhance the value of the property on the street the full amount of its cost. The roll, as finally confirmed, assessed $9802.46 against the abutting property owners and $3586.38 against the city. It would serve no good purpose to analyze the testimony of the various witnesses and the reasons given for their respec-

tive judgments. There were reasons worthy of consideration on either side of the question. If it was to be determined in the first instance as to what character of improvement should be made on this street there would be fair room for a difference of opinion. That question was for the determination of the council, and upon the evidence in this record we cannot say that their decision was unreasonable, unjust or oppressive.

A few months prior to the passage of the ordinance a petition addressed to the board of local improvements, requesting them to recommend an ordinance for the improvement of Washington street substantially as provided in the ordinance now under review, and purporting to be signed by a majority of the resident owners owning more than half the property to be affected, was signed by some of the persons now objecting, who were witnesses on the hearing and expressed opinions adverse to the reasonableness of the ordinance. This petition was allowed to be introduced in evidence, so far as these witnesses were concerned, for the purpose of impeachment. It was proper for that purpose. The witnesses were permitted to state the circumstances under which the petition was signed and the reasons influencing them in the signing of the petition and in their present opposition. The objectors then offered in evidence various remonstrances against the improvement, and insist that it was error to exclude them if the petition was admitted. If it was competent to prove the opinion of a witness it was competent to attack that opinion by showing that the witness had expressed a contradictory opinion, but it was not competent to sustain the opinion by showing that he had always held the same views and had expressed them. The remonstrances were properly excluded.

Objections are made to the rulings of the court on the admission of evidence offered by the objectors. These rulings are too numerous to be discussed in an opinion in

detail. They refer, for the most part, to the judgments and opinions of the respective witnesses as to the necessity of the improvement, the demand for it, the manner of it, whether it was oppressive on many property owners, the market for real estate, and to the facts as to whether the property was occupied by the owners or rented, how the street was sprinkled, the cost of grading and graveling, and like questions. Two witnesses the court refused to hear, on the ground that the evidence offered to be given by them was merely cumulative to that already given. We have examined all the various rulings complained of, and in view of the whole record are of the opinion no error of importance was committed. Most of appellants' questions to which objections were sustained called for incompetent evidence, and where they did not, the evidence was introduced in some other form. There was much liberality in the introduction of all the facts and circumstances bearing even remotely on the issue, and no error occurred which injured the appellants.

It is insisted that there is a fatal variance between the original resolution of the board of local improvements and the ordinance, in that the resolution provided that the improvement should be paid for by "special assessment upon the property fronting on said portion of Washington street," which, it is said, is special taxation, while the ordinance provided for payment by "special assessment." Section 7 of the Local Improvement act authorizes the board of local improvements to originate a scheme for any local improvement by adopting a resolution describing the proposed improvement, which shall also fix a time for the public consideration thereof, of which notice shall be given. At the meeting for such public consideration any person desiring to be heard shall be heard on the subject of the necessity for the proposed improvement, the nature thereof or the cost as estimated. If the proposed improvement

shall not be abandoned, the board of local improvements shall cause to be prepared and submitted to the council an ordinance prescribing the nature, character, locality and description of such improvement, and providing whether the same shall be made wholly or in part by special assessment or special taxation of contiguous property. The resolution describes the proposed improvement, and the public hearing has to do only with its necessity, nature and costs. The method of payment is not at that time the subject of consideration, but only the proposed improvement itself, its extent, nature, kind, character and estimated cost. A willful and substantial variance from the resolution in these particulars may affect the validity of the proceedings. The question whether the payment shall be by special assessment or special taxation does not become a matter for consideration until an ordinance is recommended for adoption, and the statute has not provided for any hearing on that question. The question of a variance between the original resolution and the ordinance in that respect therefore cannot arise.

The judgment of the county court will be affirmed.

*Judgment affirmed.*