*Decree affirmed.*

---

(No. 11992.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellee, *vs.* THE KEHILATH AN-SHE MAYRIV, (a religious corporation,) Appellant.

*Opinion filed June 20, 1918.*

1. SPECIAL ASSESSMENTS—*judgment of city council as to necessity for paving street is conclusive if not unreasonable.* The necessity for the paving of a street is committed to the judgment of the city council, and that judgment is conclusive unless the evidence clearly satisfies the court that the council's action is unreasonable and oppressive, and if there is room for a reasonable difference of opinion the action of the council is final.

2. SAME—*cemetery property is liable for assessment for paving street.* The property of a religious corporation which is used exclusively as a cemetery, in which lots are sold to both members and non-members of the church congregation, is liable to special assessment for the paving of an adjacent street where the corporation is not a charitable corporation, although graves are given to some persons who are unable to buy lots.

3. SAME—*when judgment of confirmation will not be affirmed although evidence as to benefits is conflicting.* Ordinarily, when the evidence as to the extent property will be benefited by a local improvement is conflicting, the Supreme Court will not disturb the judgment, but where the court is satisfied, from the evidence and nature of the property and the permanent use to which it is put, that it is assessed more than it is benefited the judgment of confirmation will not be affirmed, notwithstanding there is testimony tending to support the amount assessed.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

WILLIAM T. HAPEMAN, (ISRAEL COWEN, of counsel,) for appellant.

ALBERT L. GREEN, GEORGE P. FOSTER, and OTTO W. ULRICH, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for paving with asphalt Addison street from the east line of Narragansett avenue to the west line of Natoma avenue, in the city of Chicago. Appellant's property is 19½ acres of land lying on the north side of Addison street between Narragansett avenue, its eastern boundary, and the right of way of the Chicago, Milwaukee and St. Paul railroad, which constitutes its western boundary. The property of appellant is used exclusively as a cemetery and abuts on the proposed improvement 1270 feet. It was assessed $7263.65, or about $6 per foot. The objections argued by appellant are, that as to appellant's property the ordinance is unreasonable; that the property being used exclusively as a cemetery should not have been assessed, and that the property was not benefited by the assessment.

Appellant is a religious corporation, and the property assessed lies in the northwestern part of the city, less than a mile from the northern and western limits of the city. In the most part the streets in the immediate vicinity of appellant's property are not paved. On the east side of appellant's cemetery Narragansett avenue is paved from Addison street north a half mile to Irving Park boulevard. From that point east for a half mile Irving Park boulevard is not paved. The streets south of Addison street for a

distance of some three miles are not paved, and Addison street west of Natoma avenue is not paved. On the north side, abutting on Addison street between Narragansett avenue and west beyond Natoma avenue, are two cemeteries besides appellant's. For a block or more south of Addison street are modest frame cottages, mostly owned or occupied by working people. There are three grocery stores in that vicinity. At the southeast corner of Addison street and Narragansett avenue is a two-and-a-half-story frame public school building. The roadway of Addison street is dirt, graded up with ditches on each side for drainage. The entrance to the appellant's cemetery is on the east side, from Narragansett avenue. That street has been paved and depressed at the entrance, so that the entrance is difficult, if not impossible, for use by vehicles.

Many of the property owners on the south side of Addison street,—in fact, a great majority of them,—objected to the improvement and filed a written protest against it. Because of the location of the improvement, the character of the property assessed and the claim of appellant that it cannot pay the amount assessed against its property, it is contended the ordinance is unreasonable. On the question of need or advisability of the improvement the witnesses for the respective parties differed in opinion. We have held that the necessity for an improvement of this character is committed to the judgment of the city council, and that judgment is conclusive unless the evidence clearly satisfies the court that the council's action is unreasonable and oppressive. If there is room for a reasonable difference of opinion the action of the council is final. (*City of Marengo* v. *Eichler,* 245 Ill. 47; *City of Belleville* v. *Pfingsten,* 225 id. 293.) We would not be warranted, under the evidence in this case, in holding the ordinance unreasonable and void.

While the land of the appellant is used exclusively as a cemetery it is not a charitable corporation. Lots are sold to purchasers who are members of the church congregation

at forty cents per foot and to non-members at eighty cents. Graves are also given to some persons who are unable to buy lots. The property is liable to special assessment. *City of Chicago, in trust for use of Schools* v. *City of Chicago,* 207 Ill. 37.

The most serious question in the case is whether the property was assessed more than it was benefited. Three or four witnesses testified on behalf of appellee that the cemetery property was benefited the amount assessed against it. Witnesses on behalf of appellant testified, some that the property would not be enhanced in value or benefited by the improvement, others that it would be benefited to some extent, but none of them placed the benefits at more than $3000 and some placed the benefits at a much lower amount. Ordinarily, when the evidence as to the extent property will be benefited by a local improvement is conflicting, and that of the objector, standing alone, would establish that the benefits were much less than the assessment, and the evidence of the petitioner, standing alone, would establish that the property was benefited the amount assessed against it, this court will not disturb the judgment. The general rule was expressed in *Topliff* v. *City of Chicago,* 196 Ill. 215, where it was said: ."The question was one resting wholly in the opinions of the different witnesses, and the appearance of the respective witnesses while on the stand, their manner of testifying and their apparent intelligence and judgment had very much to do with the weight to be accorded to the opinions expressed by them. These considerations, and the fact that we are not authorized to interfere with a finding of this nature unless we can say that it is palpably against the weight of the evidence, must lead us to a judgment of affirmance. This is true even in cases where, if governed wholly by the testimony as written in the record, we might feel better satisfied with a different conclusion." When, however, from the nature of the property and the permanent use to which it is devoted the court is

satisfied it was assessed more than it was benefited, notwithstanding the amount assessed may be supported by the testimony of petitioner's witnesses, we would not be justified in affirming a judgment of confirmation. Appellant's property was assessed upon the theory that benefits to the amount assessed would accrue to it for cemetery purposes. Considering the uses to which the property is devoted, its condition, location and surroundings, we are satisfied the assessment against it was greatly in excess of the benefits that would accrue to it by reason of the improvement. The property is accessible by dirt roadway on Addison street, which appears from the testimony to be in fairly good condition for travel the greater part of the time, and we are not impressed that, considering all the circumstances, we would be justified in accepting the opinions of appellee's witnesses as to the amount the property would be enhanced in value by the improvement. Notwithstanding the trial court viewed the premises, it seems incredible that they would receive any such benefits.

The judgment of confirmation is reversed and the case remanded.          *          *Reversed and remanded.*