(No. 19238.—

THE CITY OF CHICAGO, Appellant, *vs.* JOHN THIELANS *et al.*
Appellees.

*Opinion filed February 20, 1929—Rehearing denied April 5, 1929.*

SAMUEL A. ETTELSON, Corporation Counsel, and GOTT-
HARD A. DAHLBERG, (JOSEPH J. THOMPSON, and A. M.
LONDON, of counsel,) for appellant.

BENSON, FITCH & HEINEMANN, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by the city of Chicago from a judg-
ment and order of the superior court of Cook county dis-
missing a petition and proceedings for paving and improv-
ing Norwood street from the west curb line of St. Anthony
court produced south to a line parallel with and 276 feet
west of the west line of Ravenswood avenue, in the city of
Chicago. The preliminary steps for the special assessment
proceedings were taken in accordance with the statute. Ap-
pellees filed objections that the ordinance and the improve-
ment were unreasonable as to the property of such object-
ors, and that the cost of the improvement was not fairly
distributed between the public and the property owners and
between the various parcels of property assessed.

The necessity for an improvement of this character is committed by the legislature to the judgment of the city council, and that judgment is conclusive unless the evidence clearly satisfies the court that the council's action is so unreasonable and oppressive as to render it void. If there is room for a reasonable difference of opinion the action of the council is final. The presumption always exists in favor of the validity of an ordinance passed by competent legal authority. (*City of Marengo* v. *Eichler*, 245 Ill. 47; *City of Belleville* v. *Pfingsten*, 225 id. 293; *Village of Depue* v. *Banschbach*, 273 id. 574; *City of Chicago* v. *Kehilath Anshe Mayriv*, 284 id. 210; *City of Carbondale* v. *Reith*, 316 id. 538.) The trial judge seems to have misconceived the question before him for determination. He usurped the functions of counsel for the objectors, called and conducted the examination of witnesses, limited the examination to the question of the amount of the witness' assessment and whether he was in favor of the improvement, asked all the people who were in the court room who owned property fronting upon the improvement to stand up and had those who were against the improvement hold up their hands to be counted, called and examined one witness who was in favor of the improvement and after imputing to him improper motives sustained the objections without giving the city any further opportunity to be heard. The judge's attitude is shown by the following colloquy which took place after the examination of the first witness:

Mr. Patterson, for the city: "I have a letter in my office from an improvement club stating that they were in favor of it.

The court: "They aren't telling the truth."

There is no competent evidence in the record tending to sustain the objections, but, on the contrary, it was developed on cross-examination that the street in question was a dirt road, and that by reason of its unpaved condition persons desiring to use the same were obliged to go several

blocks out of their way in order to reach the loop district of Chicago.

The judgment of the superior court of Cook county is therefore reversed and the cause remanded to that court.

*Reversed and remanded.*