J. E. Harris, W. E. Babcock, H. C. Reiter and Edward Frey, Plaintiffs-Appellants, v. Gustav C. Schwartz, Commissioner of Highways of Sugar Loaf Township, St. Clair County, Illinois et al., Defendants-Appellees.

Term No. 53–M–3.

Opinion filed October 6, 1953. Released for publication November 17, 1953.

LOUIS BEASLEY, of East St. Louis, for appellants.

LINDAUER, LINDAUER & PESSIN, of Belleville, for appellees; HENRY W. NIEMAN, of Belleville, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, denying a petition for writ of mandamus and dismissing the suit at the cost of appellants-plaintiffs.

The record shows that in February of 1949, a petition was filed with the Commissioner of Highways of Sugar Loaf township, St. Clair county, under the provisions of paragraph 81 (section 75), chapter 121, Illinois Revised Statutes (1951) [Jones Ill. Stats. Ann. 120.085], for the laying out of a road. Pursuant to the provisions of paragraph 83 (section 76) [Jones Ill. Stats. Ann. 120.087], of said chapter 121, the Township Highway Commissioner fixed a date of hearing and gave notice of the hearing. Upon the hearing the petition was denied by the Commissioner of Highways, and

the petitioners (who are plaintiffs in this action) appealed to the County Superintendent of Highways under the provisions of paragraph 84 (section 77) [Jones Ill. Stats. Ann. 120.088], of said chapter 121. After notice and upon hearing, the County Superintendent of Highways denied the petition on the ground that public necessity did not require the laying out of the road. Thereafter, in June of 1949, the same parties filed another petition to lay out and describe the road, and for the Commissioner to determine the taxes necessary as provided in said chapter 121. In October of 1949, they filed a petition with the Commissioner of Highways to compel repairs, under the provisions of paragraph 56a (section 50a) [Jones Ill. Stats. Ann. 120.059], of said chapter 121, and in November of 1949, they filed a similar notice with the County Superintendent of Highways, asking for repairs of the road under said section. No action was taken on the petition for repairs.

Thereafter, petitioners filed the present petition in mandamus, alleging that they are owners of land and residents in the township and either reside on or own land abutting on a certain public road; alleging that the highway was then being used and had been used as a public highway for more than forty years by persons along and upon the highway, and by the public generally; and reciting that petitioners had exhausted all other remedies provided by statute and that no other recourse or relief in the premises was open to them, except petition for mandamus, and that they had a clear right to have the road laid out, described, platted, and a plat thereof recorded, as provided by statute. The petition contained a prayer for writ of mandamus, directing the defendant Commissioner of Highways to lay out, describe and file a plat of the road, and to make reasonable repairs on the road, within a time to be

fixed by the court (and prayed for similar action as against the County Superintendent of Highways). Defendants denied that the road was a public highway and specifically stated that the road had never been accepted or dedicated as a public highway, and that there was no duty to assume jurisdiction or perform any service in respect to the road, or provide for the levy of taxes or expenditures of money on the road, and prayed that the petition be dismissed.

The evidence in the case strongly indicated that the road in question was established as a private way between two farms owned by persons named "Osick." The road over one farm was maintained by only one of the Osicks. They paid taxes on all the real estate and the record indicates that the road was never dedicated for public use, and that the Highway Commissioner had never worked the road. Witnesses testified that the road had been considered and used as a private way. The persons asserting a public use had only lived along the roadway for approximately six years. The evidence also showed that the use of the way was by residents, visitors, and people serving the residents. The court entered an order which, in effect, denied the petition for writ of mandamus.

It is contended on appeal in this court that under the evidence the court should have found that the road was a public highway, and that it became the absolute duty of the Commissioner to lay out the road, plat it, and have the plat recorded in the office of the Town Clerk, and that there was no discretion in the Highway Commissioner as to the performance of such duty.

The sections of the statute pertaining to altering, widening, vacating, and laying out of roads, specify a certain procedure and for hearings before the Commissioner (par. 81, par. 83, par. 84, par. 99, all of chap. 121, 1951 Illinois Revised Statutes [Jones Ill.

354

Stats. Ann. 120.085, 120.087, 120.088, 120.095]). The laying out and opening of roads is not an exercise of judicial power (*St. Clair County v. People ex rel. Keller,* 85 Ill. 396), and the rule is well and uniformly established that plaintiffs in seeking a writ of mandamus must show a clear right before relief will be granted by the circuit court in a proceeding of this character; that if the right is doubtful or uncertain the court will not act (*St. Clair County v. People ex rel. Keller, supra*). Where a duty is imposed without discretion in the public official, mandamus may lie against the public official; but if the duty is general and depends upon judgment and discretion, mandamus will not lie (*St. Clair County v. People ex rel. Keller, supra; People ex rel. Brokaw v. Commissioners of Highways,* 118 Ill. 239).

In the instant case the land was originally laid out as a private roadway, and apparently was kept and used for the accommodation of the landowners. The use, under the facts, did not establish it as a public road. In order to establish a prescriptive right in the public it must be shown that a well-defined line of travel existed over a period of fifteen years. There is no such showing in the record. The use must be adverse under a claim of right, continuous and uninterrupted, and with a knowledge of the owner of the estate and yet without his consent (*Koch v. Mraz,* 334 Ill. 67, 76). The mere fact that residents, visitors, and people serving the residents, used the road did not satisfy the requirements necessary to establish a public use (*Stengel v. Starr Bros.,* 370 Ill. 118).

Under the facts in the record the original proceedings were instituted on the theory that a new road should be laid out. In the instant proceeding a contention was made that there was an existing public highway, but the record in the case does not sustain such

355

contention. In absence of a clear showing of a right to mandamus, the petition was properly denied. Under the record in this cause it also appears that not all of the people living along the road desire that the road be laid out and platted. Under all the circumstances shown in the record, a writ compelling the laying out of such road could not be justified. The judgment of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgment affirmed.*

SCHEINEMAN, P. J., BARDENS, J., concur.