**The People of the State of Illinois on the Relation of Zelotes Lyddy and James W. Marvin, Plaintiffs-Appellants, v. City of Rock Island, Illinois, a Municipal Corporation, and Medarc, Inc., Defendants-Appellees.**

**Gen. No. 11,781.**

Second District, Second Division.

December 13, 1963.

Sidney S. Deutsch, of Rock Island, for appellants.

Bernard C. Gillman, of Rock Island, for City of Rock Island, and Eagle & Eagle, of Rock Island, for Medarc, Inc., appellees.

CROW, P. J.

The plaintiffs-relators, Zelotes Lyddy and James W. Marvin, filed suit in the Circuit Court of Rock Island County against the City of Rock Island, a municipal corporation, and Medarc, Inc., a corporation, seeking a Writ of Mandamus to order the City of Rock Island to take action against Medarc, Inc., the proprietor of South Lawn Third Addition to the City of Rock Island, to enforce a covenant (called a bond) made by Medarc, Inc. with the City of Rock Island at the time of the Plat of this Addition, and to order the City to open and maintain an alleged public street. The plat had the approval in 1959 of the City Council, the Planning Commission, and the Board of Local Improvements of the city. At the time of the platting by Medarc, Inc. of the addition, the plat showed a right-of-way for a 30th Avenue, marked "dedicated for future street," and the profile plan bore the legend, as to 30th Avenue "Dedicated for street— not to be improved" and shows the ground elevations along 30th Avenue.

The complaint was originally against only the defendant City of Rock Island. It alleged, in substance, the plaintiffs are residents of the City; in 1959 the City approved South Lawn Third Addition; the proprietors of the Addition laid out and dedicated to the City an avenue known as 30th Avenue; an ordinance of the City provided streets should be completed before approval of additions, unless secured by a bond; the proprietor, Medarc, Inc., posted a bond to assure 30th Avenue's improvement, but the proprietor did not improve 30th Avenue; the plaintiffs' own property

having a frontage on 30th Avenue as laid out in the Addition, have an interest in its improvement, have requested the City to improve it by acting against the proprietor on its bond, which the City has failed to do, and 30th Avenue remains unimproved; the City's refusal leaves the plaintiffs no course except to ask mandamus to order it to carry out its ordinances; and the complaint prayed for mandamus against the City to enforce its ordinance, to take action on the proprietor's bond, and to enforce the proprietor's covenant. Medarc, Inc. was added later as a defendant. A second count was added to the complaint as an amended complaint, which alleged the plaintiffs are residents of the City; in 1959 the City approved South Lawn Third Addition; the proprietors laid out and dedicated to the City an avenue known as 30th Avenue; the City has not opened and maintained the street and refuses to, which is a violation of duty to the plaintiffs as citizens and owners of property fronting on 30th Avenue; and the Amended Complaint prays mandamus against the City to open up and maintain the street for the general public and for abutting property owners. The answers, as amended, of the defendants deny the essential allegations of the complaint, as amended, and in addition the defendant Medarc, Inc.'s answer as amended set forth as a further defense that the plaintiffs had filed a petition before the Board of Local Improvements of the City to pave 30th Avenue in the Addition, the Board had a hearing, the Board denied the petition, the question is the same as here, and the plaintiffs took no appeal from the Board's order. The plaintiffs' reply denied that further defense.

The plaintiffs are residents of Rock Island and own a part of Lot 2 in Green Acres, immediately south of a part of what is designated "30th Ave." in the plat

of South Lawn 3rd Addition, a portion of which Lot, approximately 75 feet, fronts evidently on or nearly on a part of what is designated as 30th Avenue in South Lawn 3rd Addition. The plaintiffs acquired the property in 1959 after hearings had begun before the City Planning Commission on this South Lawn 3rd Addition. It is undisputed that 30th Avenue in this subdivision has never actually been opened or improved by the City or developer.

30th Avenue (50′ wide) as it appears on the plat of this subdivision, lies in the southeast quadrant of the subdivision. It extends in a generally west-east direction, with a northwest/southeast curve at its west end. It is relatively short in length. It leads from a circular turnaround at its northwest end, which is the southwest terminus of a 26th street, to the east line of the subdivision. East of that east line of the subdivision there is a 30th Avenue extending on east, but it has not been laid out or improved as a street west of that east line of the subdivision. The south line of 30th Avenue in this subdivision as it is platted almost, but not quite, touches the south line of the subdivision at one point. There is evidently about 1-foot between the south line of 30th Avenue and the south line of the subdivision at the point where it comes closest to the south line of the subdivision, and the Plat bears the legend at that point "1′ reservation until property to south develops subdivision of their land." The plaintiffs' lot is not in South Lawn 3rd Addition. It apparently lies immediately south of this point where the south line of 30th Avenue, as platted, comes closest to the south line of the subdivision.

There are two ravines, one about 12 feet deep and another about 15 feet deep, crossing 30th Avenue as platted between its northwest and east termini in this subdivision which would have to be filled if the platted

street were to be actually improved and developed as a street, and evidently small parts of three other tracts of real estate would have to be acquired by purchase or condemnation by the City if the street were to be improved and developed.

None of the property owners in South Lawn 3rd Addition have requested that 30th Avenue as platted be actually improved and developed. In fact, from the offers of proof it would seem they are all opposed thereto.

From the physical facts as to the location of 30th Avenue on the plat and the position of the plaintiffs' property just south of the south line of the subdivision at the point where 30th Avenue comes closest to that south line, the plaintiffs' property is apparently the only property in the vicinity that the improvement and development of 30th Avenue at present could serve or benefit. If 30th Avenue as platted were improved and developed to the extent of connecting with the present dead ended 30th Avenue east of the east line of this subdivision and with the turnaround terminus of 26th Street at the northwest end then 26th Street and 30th Avenue, together, would be, in effect, a through street. There are other through streets presently in the general area.

The City presently refuses to open and maintain 30th Avenue as platted in this subdivision, and refuses to enforce at this time the bond of Medarc, Inc., alleging the street was to be opened only if at some future time the City deemed that traffic conditions or other circumstances warranted its opening, and further alleging that it would be necessary for the City to condemn certain additional real estate in order to open the street, and that the plaintiffs had heretofore, on March 5, 1962, filed a petition with the Board of

Local Improvements of the City seeking the same relief as here, which was denied, and no appeal was taken.

The bond, or covenant, signed only by Medarc, Inc. provided that Medarc, Inc. agreed to construct and pave, under the direction of Interstate Engineering, the consulting engineers and surveyors on the plat, and in accordance with ordinances of the City of Rock Island, certain streets, which are shown as laid out as streets on the approved plat of South Lawn Third Addition to the City of Rock Island, and Medarc, Inc. was bound in the sum of $46,558 to the City to complete the undertaking.

The Planning Commission, the City Council, and the Board of Local Improvements have all determined that the proposed 30th Avenue should not be opened and improved at this time. It is in evidence that the plaintiffs had previously filed a petition with the Board of Local Improvements to improve 30th Avenue by special assessments, a hearing had been held by that body, and the matter was dropped by it. The defendants offered proof, to which objections were sustained, that the area is already served by a number of through streets and these through streets are immediately east, west and south of the area in question; that a number of small children reside in the immediate vicinity and a large school and church also are located in the area; that another through street such as 30th Avenue would increase traffic and increase the speed of traffic and constitute a definite traffic hazard; that the property owners in the addition opposed the improvement of 30th Avenue; and that if 30th Avenue were made a through street it would materially damage the value of homes erected in the area. The cost of actually opening and improving the

street would be approximately $20,000, according to the Acting City Engineer, who was also President of the Board of Local Improvements.

A hearing was held on the complaint as amended and answers as amended. The Trial Court held, in substance, that the decision as to whether 30th Avenue should be improved is a discretionary one, that there was no such mandatory duty upon the City as to require the issuance of a Writ of Mandamus, and that the bond furnished by the defendant Medarc, Inc. did not insure the completion of 30th Avenue. A judgment was entered for the defendants, denying the writ and dismissing the complaint as amended.

The plaintiffs' theory is that under the ordinances of the City all subdividers, including Medarc, Inc., must make all necessary improvements before their plats can be accepted, and to insure performance thereof the developer must furnish a performance bond in favor of the City, and the ordinance imposes a ministerial duty on the City to enforce the bond. Their theory further is that all dedicated streets must be opened and maintained by the City, since title to such is vested in the City, and the City has power to open, improve, and vacate streets, and such ministerial duty is subject to enforcement by mandamus. The defendants' theory is that this is a matter within the discretion of the City officials and they have acted well within their discretion. The plaintiffs apparently do not contend that the City officials have abused their discretion,—if they had any,—but rather that the defendants are under a mandatory duty to open and improve the platted 30th Avenue,—that after the plat has been approved and a bond filed the City has to do what the plat says and maintain the street as indicated on the plat.

Under the Act to revise the law in relation to plats, as amended, Ch 109 Ill Rev Stats 1961, pars 1 ff., so

far as relevant, a plat thereunder shall particularly describe and set forth all public streets, and shall show the names thereof, and the width, course, and extent thereof (par 1); a plat is to be submitted to the City Council of the City for their approval, and shall thereafter be recorded in the Recorder's office (par 2); the acknowledgment and recording of a plat shall be held to be a conveyance in fee simple of such portions of the premises platted as are marked or noted on such plat as donated or granted to the public, to such donee or grantee for their use or the use and purposes therein named or intended, and for no other use or purpose, and the premises intended for any street in any city shall be held in the corporate name in trust to and for the uses and purposes set forth or intended (par 3).

Under the Illinois Highway Code, as amended, Ch 121 Ill Rev Stats 1961, par 7–101, so far as relevant, streets which are or will become part of the municipal street system may be laid out, established, constructed, improved, maintained, etc., by the respective municipalities in the manner provided in the Illinois Municipal Code.

Under the Illinois Municipal Code, Ch 24 Ill Rev Stats 1961, par 1–1–1 ff., so far as relevant, the corporate authorities of each municipality may lay out, establish, open, grade, pave, or otherwise improve streets and avenues (par 11–61–2); the corporate authorities of the specified municipalities have the power to make such local improvements as are authorized by law, by special assessment or special taxation of contiguous property, or by general taxation, or otherwise, as such corporate authorities prescribe by ordinance (par 9–2–1); the corporate authorities may regulate the use of the streets (par 11–80–2); and there are provisions for a plan commission etc. (par 11–12–4 ff.).

The City of Rock Island has enacted an ordinance (the plaintiffs' exhibit 3),—"Subdivision Regulations," which provides regulations for the control of plats and subdivisions as recommended by the City Planning Commission. Among other things, this provides the subdivider shall prepare a preliminary plat with plans for improvements conforming to Appendix II and file with the Planning Commission an application for tentative approval of the plat; that Commission and the City Engineer will check various phases of the proposed plat; the Commission will tentatively approve or disapprove the plat and, if approved, authorize the subdivider to proceed with the improvements in accordance with Appendix II; the subdivider shall then secure from the City Engineer permits to proceed with street etc. improvements, or post a surety bond to cover the cost of such improvements based on estimates approved by the City Engineer; the subdivider upon completion of improvements or posting bond then is to file the final or record plat with the Planning Commission for final approval; the Commission then transmits the final plat to the City Council for approval. Appendix II thereof are the minimum requirements for improvements in subdivisions, including the grading of streets to full width and an all weather surface roadway not less than 25' wide, before filing the final plat for approval, unless a surety bond to cover the cost thereof is furnished by the subdivider to the Commission. An Appendix 1 thereof permitted deadend streets of reasonable length where topography necessitates or where appropriate for the type of development contemplated, but required a deadend street to terminate in a circular turnaround of a minimum diameter of 100' unless the Commission approved another shaped space in place thereof.

A writ of mandamus will not issue unless the plaintiff shows a clear and legal right to the writ and that

it is the duty of the party against whom it is sought to do the act which the plaintiff seeks to have performed: People ex rel. McDowell v. Department of Public Works & Bldgs. (1927) 326 Ill 589, 158 NE 396, —denying mandamus to compel the defendants to construct a hard road upon an existing public highway running through the principal part of Harrison, Illinois; where the performance of an official duty or act involves judgment or discretion the official or body cannot ordinarily be controlled by mandamus as to the particular action he or it shall take, and where the official or body has exercised his or its discretion his or its action is not subject to review or control by mandamus: MacGregor v. Miller (1926) 324 Ill 113, 154 NE 707,—denying mandamus to compel construction of a hard road along the existing old highway through Pontiac, Illinois and with the least diversion therefrom; if the plaintiff's alleged right is doubtful or uncertain mandamus will not lie,—if the duty is general and depends on judgment and discretion mandamus will not issue: Harris v. Schwartz (1953) 351 Ill App 351, 115 NE2d 345; mandamus itself does not create a claimed duty or confer the claimed power to perform it, but is designed to coerce action along the lines worked out by the law for the person against whom it is directed: Cf. People ex rel. Jones v. Webb (1912) 256 Ill 364, 100 NE 224; and see: People ex rel. Duket v. State Department of Agriculture (1924) 235 Ill App 552.

If and when a city has accepted a street shown on a plat, so far as the public is concerned, the street may be opened and used at the discretion of the public authorities, as public necessity may require, and it is not necessary to an acceptance that the entire platted street should be forthwith opened when platted,—it may be impractical and uneconomical to formally open and maintain an entire street where there

is no present usage by the public, but when additional homes or other improvements are made requiring use of the entire street dedicated by plat the municipality should then have the right (and may have the duty) to improve the remainder; Zemple v. Butler (1959) 17 Ill2d 434, 161 NE2d 818. Immediate opening and user, by the public, of all the streets for their entire length, or immediate formal acceptance by some competent public authority is not necessary to give effect to a dedication of land to the public use of a street, by the making of a plat,—a municipality is permitted to wait its reasonable time for opening and improving its public streets, as its own resources and the public need may allow and require: Town of Lake View v. Le Bahn (1886) 120 Ill 92, 9 NE 269, Kimball v. City of Chicago (1911) 253 Ill 105, 97 NE 257, Dewey v. City of Chicago (1916) 274 Ill 268, 113 NE 599. Whether the interests of the public require that a street shall be improved or that repairs thereon are necessary is committed to the judgment and discretion of the governing board of the City: Village of Lee v. Harris (1903) 206 Ill 428, 69 NE 230.

By analogy to the cases involving proceedings for particular local improvements in a city, the City Council has power to determine what local improvement is required, its nature and character, when it shall be made, and the manner of its construction,—those are matters confided to its discretion, and that discretion, when honestly and reasonably exercised, cannot be judicially reviewed: City of Chicago v. Wacker-Wabash Corp. (1939) 372 Ill 521, 25 NE2d 23, People ex rel. Peterson v. Owen (1919) 290 Ill 59, 124 NE 860; the council's judgment is conclusive unless the Court is clearly satisfied the action is so unreasonable, arbitrary, and oppressive as to render it void and that the council's discretion has been abused: City of Chicago v. Thielans (1929) 334 Ill 231, 165 NE 615, City

of Carbondale v. Reith (1925) 316 Ill 538, 147 NE 422, City of Chicago v. Kehilath Anshe Mayriv (1918) 284 Ill 210, 119 NE 905, Village of Oak Park v. Swigart (1914) 262 Ill 614, 104 NE 1033.

The cases suggested by the plaintiffs, Fletcher v. Duncan (1911) 166 Ill App 379, People ex rel. City of Eldorado v. Southern Illinois Ry. & Power Co. (1923) 227 Ill App 497, Scholz v. Lincoln Park Comm'rs (1932) 264 Ill App 409, Webster v. City of Chicago (1876) 83 Ill 458, and Taylor v. Wentz (1958) 15 Ill 2d 83, 153 NE2d 812 have all been considered. None involved a set of facts and circumstances similar to those of the present case. None concerned the type of writ of mandamus here sought. None held the writ to lie in an instance similar to this. We believe they are not apposite to the present case.

The plaintiffs have not shown a clear and legal right to the requested writ of mandamus and that it is the duty of the defendants to do the particular act which the plaintiffs seek to have performed at the present time and under the present facts and circumstances indicated by this record. This street may be opened and used at the discretion of the City as public necessity may require, and it is not necessary that the platted street be forthwith opened when platted. The City may wait its reasonable time for opening and improving the public streets as the public need and other relevant circumstances may allow and require. This is a matter confided primarily to the discretion of the City Council and we are not clearly satisfied that its discretion has been abused or its action is so unreasonable, arbitrary, or oppressive as to render it void at the present time and under the present facts and circumstances indicated herein. The bond, or covenant, of the defendant Medarc, Inc. was made and accepted with a view to compliance therewith and possible enforcement, if necessary, by the

defendant City at some appropriate time if the applicable facts and circumstances required and were apposite thereto and to whatever extent the language of the bond, or covenant, might indicate. It is evidently still in effect. We express no opinion on what its meaning, significance, and effect may be, or the rights and duties of the parties thereunder under other possible future facts and circumstances and at a possible future time.

The judgment will be affirmed.

Affirmed.

SPIVEY and WRIGHT, JJ., concur.