*In re* SPECIAL ASSESSMENT BY THE VILLAGE OF CREVE COEUR.

Third District   No. 76-185

Opinion filed February 14, 1977.

Strodel & Kingery, Assoc., of Peoria (Edward R. Durree, of counsel), for appellants.

J. Michael Mathis, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from a proceedings pursuant to article 9 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, art. 9) to confirm a special assessment for paving improvements in the Village of Creve Coeur. Legal objections to the proposed improvement were filed on behalf of 139 objectors which affected approximately 100 parcels of property within the proposed local improvement. The objectors further filed a motion for injunctive relief. The trial court overruled the legal objections without conducting an evidentiary hearing and also denied the motion for injunctive relief and this appeal ensued.

Two issues are presented to this court for review. The first is whether the ordinance providing for the local paving improvement is void for lack of specificity and failure to establish the grade of the streets to be improved. This issue was predicated almost entirely upon allegations of lack of specificity in Ordinance No. 423 which was adopted by the Village of Creve Coeur for the purpose of paving improvement No. 75-C.

The objectors' petition contained seven objections. There were six specific objections which challenged the ordinance for legal reasons, one which raised a "benefit" question and the seventh paragraph in the petition was left blank so that the signers could insert any objections or reasons they desired as to why in their opinion the ordinance was invalid.

At a hearing the trial court ruled that objections numbered 1, 2, 3, 4, 6 and 7 did not state legal objection as a matter of law. The trial court declined to have an evidentiary hearing but held that the objections were barren of legal significance, were without merit and hence no purpose would be served by the presentation of evidence.

The objectors abandoned the seventh objection and therefore it is not a part of this appeal. It is necessary, however, for us to examine the remaining objections in order to determine the issues presented in this appeal.

The first objection raised the question as to the specificity of the ordinance as to the description of the proposed improvement regarding

the grade of the street and ditches, the numbers and specific culverts to be repaired or replaced, the width of the paved portion of the roadway, the depth of the base, the number of driveways to be adjusted or replaced and the number of sewer manholes to be adjusted or replaced.

■■ In examining this objection we first direct our attention to the applicable statutory law, to-wit, section 9—2—10 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 9—2—10), which provides in part as follows:

> "This ordinance shall prescribe the nature, character, locality, and description of the improvement * * *."

This provision of the statute has been held by our supreme court to be mandatory. (See *County of DeWitt v. City of Clinton* (1902), 194 Ill. 521, 62 N.E. 780.) However, an ordinance for street improvement need not set out in detail all the particulars of the work to be done. A substantial compliance with the requirement of the statute as to the description of a street improvement in the ordinance providing therefor, so that any contractor or person experienced in the construction of pavements could comply with the ordinance according to its intent, when taken in connection with the general ordinance on the same subject is all that is required. *Chicago Union Traction Co. v. City of Chicago* (1905), 215 Ill. 410, 74 N.E. 449.

■■ In the instant case Ordinance No. 423 for paving improvement 75-C does prescribe the nature, character, locality and description of the improvement. It sets forth that it is to consist of the addition of gravel to an existing gravel base. It provides for the excavation, replacement and/or cleaning of side ditches and driveway culverts. It further provides that there will be adjustments, replacement and repair of existing driveways, valves, sewers and manholes. As to the requisite pertaining to locality the ordinance specifically sets forth the names of the streets involved, where the improvement is to commence and terminate. The pavement widths for the streets to be improved are specifically set forth in detail and the various improvements are further described in blueprints and plans which were incorporated in and made a part of the ordinance. With all this information set forth in Ordinance No. 423 we are of the opinion that it meets the substantial compliance test as required in the case of *Chicago Union Traction Co. v. City of Chicago* (1905), 215 Ill. 410, 74 N.E. 449.

■■ It is further alleged that the ordinance is void since it fails to establish the grade of the streets and ditches. The reason for requiring that the grade be set forth is so that an estimate can be made as to the cost of the improvement. (See *Brewster v. City of Peru* (1899), 180 Ill. 124, 54 N.E. 233.) In the instant case the cost estimate for "Base Preparation," "Ditch Shaping & Grading" was computed and filed with the ordinance.

This cost estimate was approved by the Village, hence we do not agree with the objectors that the ordinance is void because it does not establish therein the grade. See *Lake v. City of Decatur* (1879), 91 Ill. 596.

■■ The objectors further contend that there is a lack of specificity in that the ordinance fails to show the locations of manholes, water valves, or culverts to be adjusted. In regard to this contention it should be noted that the ordinance provides for the repair and replacement of existing culverts and manholes and not for the initial construction of the same. We therefore deem this contention of the objectors to be without merit for certainly an engineer could readily determine the location of manholes and culverts already in existence. (See *City of Pekin v. Grussi* (1930), 338 Ill. 196, 170 N.E. 313. See also the cases of *City of Springfield v. Sale* (1889), 127 Ill. 359, 20 N.E. 86.) These latter cases held that the failure of an ordinance to specify the location of manholes did not invalidate it.

For the reasons stated we do not agree with the objectors that Ordinance No. 423 providing for paving improvement 75-C is void because of a lack of specificity.

We are next presented with the question as to whether the trial court erred in overruling legal objections without hearing all the evidence.

■■ The remaining objections, to-wit, number 2 through number 6, challenge the Village Board's discretion without alleging any bad faith, fraud, or other abuse of discretion. Minus such allegations the trial judge had the right to overrule these objections without permitting all the objectors' evidence to be presented. A city council has the power to determine what local improvement is required, its nature and character, and the manner of its construction—those are matters confided to its discretion, and that discretion when honestly and reasonably exercised cannot be judicially reviewed. (*People ex rel. Lyddy v. City of Rock Island* (1963), 45 Ill. App. 2d 76, 194 N.E.2d 647; see also *City of Chicago v. Wacker-Wabash Corp.* (1939), 372 Ill. 521, 25 N.E.2d 23, and *People ex rel. Peterson v. Omen* (1919), 290 Ill. 59, 124 N.E. 860.) The council's judgment is conclusive unless the court is clearly satisfied the action is so unreasonable, arbitrary and oppressive as to render it void and the council's discretion has been abused. See *City of Chicago v. Thielans* (1929), 334 Ill. 231, 165 N.E. 615; *City of Carbondale v. Reith* (1925), 316 Ill. 538, 147 N.E. 422; *City of Chicago v. Kehilath Anshe Mayriv* (1918), 284 Ill. 210, 119 N.E. 905; *Village of Oak Park v. Swigart* (1914), 262 Ill. 614, 104 N.E. 1033.

Objection number 2 to the ordinance is that it is null and void because it combines in one ordinance the improvement of multiple streets, all of which have varying conditions, differing needs of repair and substantial differences in cost of repair and improvement. Objection number 3 alleges that the ordinance discriminates against property owners fronting

on specific streets enumerated in said ordinance both in cost and type of improvement offered when compared to other areas and streets in the Village of Creve Coeur which have been improved in the past.

■■ We fail to find any merit in these objections, since they refer to matters within the province of the Village Board and there are no allegations that the board's actions were unreasonable, arbitrary or offensive. We further note that in McQuillin, Municipal Corporations, § 37.75, at 205 (3d ed. 1971), it is stated:

"When an improvement of streets constitutes a single scheme, the ordinance may provide for the pavement of several streets, a single street or a portion of a street, and when streets are practically similar and are to be paved in the same manner and with the same material and are grouped as a unit, in the absence of provision to the contrary, they may generally be treated as a single improvement."

The streets involved in Ordinance No. 423 for paving improvement 75-C are interconnected and the same general repairs are to be made on all of them. We are of the opinion that the trial judge was correct in overruling objections 2 and 3 without having an evidentiary hearing.

Objection number 4 alleges that the ordinance is unnecessary and unreasonable in that it (a) calls for the replacement of temporary streets with temporary streets and is in effect not an improvement of existing streets if they were properly maintained, (b) calls for the excavation of ditches to a depth and width which will present a hazardous condition, (c) calls for roadways with no shoulder or shoulders of insufficient width to safely accommodate pedestrians and bicycles, and (d) calls for ditches which are not properly sodded to prevent erosion of the road surface or adjoining private property.

We fail to find merit in any of the objections set forth in objection number 4. We adhere to the rule of law which we have previously set forth in this opinion that none of the matters complained of in objection number 4 indicate that the Village Board violated its discretion or acted unreasonable, oppressive or arbitrary. We repeat that the Village Board is vested with the power and authority to determine what local improvement is required and this power includes the improvement's nature, character and manner of construction. All of the points raised by the objectors in objection number 4 relate to the character of the proposed improvement and its manner of construction. We have previously cited an abundance of cases which hold that minus a violation of discretion by the Village Board such complaints by objectors are not reviewable and hence the trial court was on sound ground when objection number 4 was overruled without an evidentiary hearing.

Objection number 5 questioned the benefit of the proposed

improvement. A jury trial hearing was set by the trial court for this objection; however, on the date set for trial the objectors elected not to present evidence on this issue and consequently this objection was abandoned and is not a part of the subject matter of this appeal.

Objection number 6 makes a blanket allegation that the ordinance and assessment is arbitrary, unjust and oppressive and is null and void because it is indefinite and vague. In effect this is a restatement of objection number 1 which we determined to be of no merit and we made a like determination to objection number 6.

It should be noted that the objectors appealed from the trial court's order denying their motion for injunctive relief; however, they subsequently withdrew their objections to that action of the trial court and hence it is not before this court for consideration.

For the reasons set forth the judgment of the trial court confirming Ordinance No. 423 of the Village of Creve Coeur is hereby affirmed.

Judgment affirmed.

STENGEL, P. J., and STOUDER, J., concur.